Elizabeth **DOLE**, Secretary of Labor, Petitioner–Cross Respondent,

v.

**PHOENIX ROOFING, INC.,** Respondent–Cross Petitioner,

v.

**OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION, Respondent.**

No. 90–4092.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1991.

---

6. La.R.S. 10:3–406 unquestionably is applicable to the case at bar. *See* Comment 7 thereof.

Jeffrey A. Hennemuth, Atty., Allen H. Feldman, Charles I. Hadden, Robert P. Davis, Sol. of Labor, U.S. Dept. of Labor, Washington, D.C., for U.S.

Robert E. Rader, Jr., Locke, Purnell, Rain & Harrell, P.C., Dallas, Tex., for respondent-cross petitioner.

Ray H. Darling, Jr., Exec. Sec., OSHRC, Washington, D.C., for respondent.

Before GOLDBERG, KING and DUHÉ, Circuit Judges.

GOLDBERG, Circuit Judge:

The Secretary of Labor (the "Secretary") appeals the Occupational Safety and Health Review Commission's (the "OSHRC") decision awarding attorney's fees to Phoenix Roofing, Inc. ("Phoenix"). The Secretary alleges that for several reasons the OSHRC lacked jurisdiction under the Equal Access to Justice Act (the "EAJA") to award these fees. First, the Secretary alleges that Phoenix failed to meet the statutory time requirements for filing an application for attorney's fees in reference to the Second Citation (as hereinafter defined). Second, the Secretary alleges that the OSHRC lacked jurisdiction to award fees incurred in connection with the First Citation (as hereinafter defined) because Phoenix appealed the OSHRC's decision as to the First Citation to the Fifth Circuit and therefore under the EAJA only the Fifth Circuit had jurisdiction to consider an application for attorney's fees. Finally, the Secretary argues that even if the OSHRC had jurisdiction to consider the application, it lacked authority to award the fees because it failed to make a finding that the agency action was not "substantially justified."

Although we find that the OSHRC did have jurisdiction under the EAJA to consider Phoenix's application for attorney's fees, we reverse and remand to the OSHRC to make a finding as to whether the agency action was "substantially justified."

## I. FACTS AND PROCEEDINGS BELOW

This case arises out of citations the Secretary issued Phoenix for violations which allegedly occurred when Phoenix employees were engaged in replacing the roof on a building at Love Field Airport in Dallas, Texas. After an OSHA compliance officer inspected Phoenix's worksite, the Secretary issued two citations against Phoenix. The First Citation (herein so called) alleged a serious violation of 29 C.F.R. 1926.-500(g)(1). The Secretary also cited Phoenix for a serious violation of 29 C.F.R. 1926.-500(g)(3)(i)(b) (the "Second Citation").

The employer contested both citations, and after a hearing the OSHRC Administrative Law Judge (the "Commission ALJ") affirmed the First Citation and refused to reclassify the violation as *de minimis.* The Commission ALJ vacated the Second Citation and the decision became final on May 23, 1988. Phoenix then appealed the OSHRC decision as to the First Citation to this court. On June 9, 1989, this court affirmed the First Citation. However, the majority reversed the Commission's classification of the violation as "serious" and reversed the assessment of a civil penalty. *Phoenix Roofing, Inc. v. Dole,* 874 F.2d 1027, 1029-31 (5th Cir.1989). Judge Garwood filed a dissenting opinion, arguing that the violation was indeed a serious one. *Id.* at 1034-36.

On July 13, 1989, Phoenix applied to the OSHRC for attorney's fees and expenses under the EAJA, incurred in connection with (1) the Commission ALJ's proceedings with respect to both the First and the Second Citation, and (2) the Fifth Circuit proceedings regarding the First Citation. Although the Secretary opposed the fee application on the grounds that the citations were substantially justified, the Commission ALJ granted the application, finding Phoenix to be "the prevailing party in the

proceeding leading up to this application." The Commission ALJ, however, denied Phoenix's request for a supplemental award for fees incurred in connection with responding to the Secretary's Motion Opposing the Application, finding that Phoenix had not been asked to respond to the Secretary's objections. The Secretary now appeals the OSHRC decision awarding fees and expenses to Phoenix.

## II. DISCUSSION

### A. *Jurisdiction*

As a threshold matter, we must discuss whether this court has jurisdiction to consider the Secretary's appeal. As the Secretary candidly points out in her brief, the EAJA provides for appeal only when "a party *other than the United States* is dissatisfied with a determination of fees and other expenses made under [5 U.S.C.A. § 504(a)]." 5 U.S.C.A. § 504(c)(2) (West Supp.1990) (emphasis added). Although this provision clearly suggests that the Secretary cannot obtain judicial review of OSHRC fee awards under the EAJA, the Secretary argues that this court has authority to hear the appeal under Section 11 of the Occupational Safety and Health Act (the "OSH Act"). The OSH Act authorizes review of "an[y] order of the Commission issued under subsection (c) of section 659." 29 U.S.C.A. § 660(a) (West 1985). Section 659 covers "an order ... affirming, modifying, or vacating the Secretary's citation or proposed penalty, *or directing other appropriate relief."* See 29 U.S.C.A. §§ 659(c), 660(a).

We agree with the Secretary that although the EAJA is the source of the Commission's authority to award attorney's fees, this court has jurisdiction under the OSH Act because awards of attorney's fees are orders "directing other appropriate relief" within the meaning of section 659(c). This conclusion is supported by the jurisprudential rule that administrative determinations are presumed to be reviewable. In *United States v. Fausto,* the Supreme Court restated the well-established principle of statutory construction that "Congress will be presumed to have intend-

ed judicial review of agency action to be available unless there is 'persuasive reason' to believe otherwise. . . . [T]he presumption favoring judicial review . . . may be 'overcom[e] whenever the congressional intent to preclude review is "fairly discernible in the statutory scheme." ' " *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 675, 98 L.Ed.2d 830 (1988); *see also Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 2137, 90 L.Ed.2d 623 (1986); *Russell v. Law Enforcement Assistance Admin.*, 637 F.2d 354, 356 (5th Cir. Unit A 1981). We conclude that the presumption favoring judicial review of OSHRC decision's as specifically stated in the OSH Act has not been overcome by inferences of intent drawn from the statutory scheme of the EAJA.

### B. *Statutory Framework of the EAJA*

On October 1, 1981, Congress enacted the EAJA with the broad purpose of awarding private litigants the expenses of seeking review of or defending against unreasonable government action. *See* H.R. Rep. No. 1418, 96th Cong., 2d Sess. 5–6 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984. As Congress stated, "The purpose of this bill is to reduce the [financial] deterrents [of seeking review of governmental action] by entitling certain prevailing parties to recover an award of attorney fees, expert witness fees, and other expenses against the United States." H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. at 6, *reprinted in* 1980 U.S.Code Cong. & Admin.News at 4984. Through the enactment of the EAJA, Congress intended to encourage litigants of limited means to vindicate their rights by challenging regulations or agency actions that they would otherwise comply with in order to avoid paying the cost of litigation. *United States v. 329.73 Acres of Land*, 704 F.2d 800, 801 (5th Cir.1983) (*en banc*).

The EAJA authorizes awards of attorney's fees and expenses against the government in certain administrative proceedings and in judicial proceedings. The statutes authorizing these awards are found in 5 U.S.C.A. section 504 and 28 U.S.C.A. section 2412 (West Supp.1990).

The procedure for obtaining attorney's fees in an administrative proceeding is explained in 5 U.S.C.A. section 504, while the award of attorney's fees incurred in connection with judicial proceedings are governed by 28 U.S.C.A. section 2412. Although these sections are generally similar, they do vary in certain respects. For example, 28 U.S.C.A. section 2412(f) specifically provides that the government may appeal an award made against the United States in a judicial proceeding, while, as we discussed earlier, 5 U.S.C.A. specifically prohibits the government from appealing such an award when it is made in an agency adjudication.

In administrative proceedings, the statute requires any agency that conducts an "adversary adjudication" to award, "to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust." 5 U.S.C. § 504(a)(1). The party seeking the attorney fee award must submit an application to the agency "within thirty days of a final disposition in the adversary adjudication." § 504(a)(2). The application must include an itemized statement reflecting "the actual time expended and the rate at which fees and other expenses were computed," and must "also allege that the position of the agency was not substantially justified." *Id.* The adjudicative officer's decision on the fee application, which becomes "part of the record containing the final decision of the agency," must "include written findings and conclusions and the reason or basis therefor." § 504(a)(3).

### C. *When Citations Achieve Finality*

The first argument the Secretary makes when challenging the OSHRC's award of fees is that OSHRC lacked jurisdiction to award fees in connection with the Second Citation because Phoenix failed to meet the statutory time requirements for filing its application. This argument is based on the Secretary's interpretation of the phrase "fi-

nal disposition of an adversary adjudication." The EAJA provides that a party seeking an administrative fee award under the EAJA must submit an application to the adjudicating agency "within thirty days of a *final disposition* in the adversary adjudication." 5 U.S.C. § 504(a)(2) (emphasis added).

The Secretary argues that the ALJ's decision vacating the Second Citation became final on May 23, 1988, thirty days after the decision had been docketed. According to the Secretary, since Phoenix appealed only the First Citation, and not the Second Citation, "final disposition" of the Second Citation occurred when the OSHRC ALJ docketed its decision. Therefore, according to the Secretary, Phoenix had to file an application to recover fees incurred in connection with the Second Citation on or before June 22, 1988. Since Phoenix did not file its application until July 13, 1989, after the appeal of the First Citation was final, the Secretary argues that Phoenix failed to satisfy the jurisdictional time requirements set out in the EAJA.

 Therefore, the essential issue this court must address is the definition of "final disposition" as found · in section 504(a)(2). While the legislative history of the EAJA is plentiful, scant attention has been paid to this phrase. The Secretary argues that when an appellate court is asked to review only a portion of an ALJ's adjudication, then the Commission ALJ retains jurisdiction over an EAJA application as to those items which are not the subject of the appellate court proceedings. The Secretary cites as authority for its position 29 C.F.R. 2204.302(c), which states "[i]f review is sought in the court of appeals ... an application for an award ... shall be dismissed under 5 U.S.C. 504(c)(1) as to the item or items of which review is sought." *See also Secretary of Labor v. A.A. Beiro Constr. Co.*, 11 O.S.H. Cas. (BNA) 1813, 1814 (1984) [1983–1984] O.S.H. Dec. (CCH) ¶ 26790, at 34263 (applying 29 C.F.R. 2204.-302(c)).

For the reasons we outline below, we hold that when a party appeals only part of an ALJ's decision, the entire decision is on review; the failure to appeal the decision on a particular citation item does not make the ALJ's disposition of that item a "final disposition" of that item for EAJA purposes. As we stated earlier, the issue of finality is very important because under section 504(a)(2)[1] the thirty day deadline for filing a fee application is a jurisdictional prerequisite. *See, e.g., Clifton v. Heckler,* 755 F.2d 1138, 1144–45 (5th Cir.1985). If the Second Citation did become final when Phoenix failed to appeal it, then failure to file an application for attorney's fees within 30 days was fatal to Phoenix's claim for fees.

 The Secretary's argument is not persuasive for several reasons. First, even if this interpretation was once valid, in the 1985 amendments to the EAJA Congress added the following language to the statute:

> When the United States appeals the underlying merits of an adversary adjudication no decision on an application for fees and other expenses in connection with that adversary adjudication shall be made under this section [by the agency] until a final and unreviewable decision is rendered by the Court on appeal or until the underlying merits of the case have been finally determined pursuant to the appeal.

*See* Pub.L. No. 99–80, § 1(b), 99 Stat. 183 (1985) (amending 5 U.S.C. § 504(a)(2)). As we discuss more completely below, the exact meaning of this provision is unclear. Nevertheless, its plain language does indicate that Congress did not adopt the Secretary's interpretation of "final disposition." Rather, Congress prohibits an agency from making an award of fees and expenses "in connection with" an adversary adjudication when an appeal is pending. Nowhere in this provision does Congress suggest that if the United States only appeals part of an adjudicative order that the remaining por-

---

**1.** Section 504(a)(2) states in pertinent part, "A party seeking an award of fees and other expenses shall, within 30 days of a final disposi- tion in the adversary adjudication, submit to the agency an application...."

tions are a "final disposition" for the purposes of the EAJA.

As Phoenix persuasively argues, individual citation items should not achieve finality in piecemeal fashion. In *Secretary of Labor v. Hamilton Die Cast, Inc.*, 12 OSH 1797, 1800–03 (BNA) (Rev.Comm.1986), the OSHRC held that items not directed for Commission review are not a final order of the Commission absent an order of severance under Rule 54(b) of the Federal Rules of Civil Procedure. Although *Hamilton* is not controlling authority, its application of Rule 54(b) is persuasive.

Rule 54(b) of the Federal Rules of Civil Procedure addresses the precise finality question presented by the Secretary. Federal Rule 54(b) forbids partial judgment in a case involving multiple claims or multiple parties, except under certain circumstances. The rule states:

> (b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Thus, Rule 54(b) strikes a balance between two conflicting interests. It preserves the longstanding federal policy against piecemeal appeals while providing a means for avoiding the injustice that might result if judgment on a distinctly separate claim were delayed until adjudication of an entire case was complete. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432, 76 S.Ct. 895, 898, 100 L.Ed. 1297 (1956); *see generally* 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2654 (2d ed.1983). Therefore in order to sever a claim, a judge must enter an order of final judgment under Rule 54(b); in the absence of such a determination, there is no final judgment as to any claim.

■ Our view that there is no "final disposition" until the entire decision is final and unappealable preserves the policy of avoiding piecemeal adjudication. Although the Secretary argues that filing separate fee requests based on two distinct challenges to agency action does not necessarily result in duplicative fee litigation, we disagree. As the Third Circuit stated in *Taylor v. United States*, courts should avoid the "unnecessary fragmentation of fee petitions" and the resultant waste of judicial resources. *Taylor v. United States*, 749 F.2d 171, 173 (3d Cir.1984).

As in this case, where both citations were adjudicated in one proceeding, it is virtually impossible to completely separate fees expended on one citation from fees expended on the other. If an OSHRC ALJ is considering an EAJA application for part of one suit and an appellate court is entertaining a motion for attorney's fees on another part, it is likely one court will award either too much or too little, because that court may assume that the other court is or is not awarding that portion of the costs. This problem does not occur when a party is only successful on one claim, or the court determines the agency action was substantially justified as to part of the proceeding, because then only one court is evaluating how much fees were expended in connection with the successful claim.

Finally, the congressional purpose behind enactment of the EAJA supports our interpretation of "final disposition." Congress intended to make it easier, not harder, for people of limited means to collect their small claims from the government. *See McDonald v. Schweiker*, 726 F.2d 311, 315 (7th Cir.1983). Holding that there is no "final disposition" until the entire decision is final and unappealable avoids both the unnecessary fragmentation of the fee petitions and the waste of judicial resources that would result from filing multiple petitions in different courts for fees incurred in one case. Such multiple fee litigation unduly burdens both the litigants and the courts. For all of these reasons, we hold that there is no "final disposition" of a case until the entire decision is final and unappealable.

### D. *Proper Forum for Award*

The next issue we must address is whether this court's review of the OSHRC decision affirming the First Citation precluded the OSHRC from having jurisdiction to consider Phoenix's EAJA application for fees and expenses. Relying on 5 U.S.C. section 504(c)(1)[2], the Secretary argues that the EAJA clearly prohibits agency adjudicators from awarding fees and expenses relating to issues resolved on appeal. Therefore, according to the Secretary, only this court had jurisdiction to consider such a fee application.

The problem with adopting the Secretary's interpretation of the EAJA is that it requires us to overlook apparently conflicting language which Congress added in a subsequent amendment to the EAJA. In 1985 Congress amended the EAJA to provide that:

> [w]hen the United States appeals the underlying merits of the adversary adjudication, no decision on an application for fees and other expenses ... shall be made under [5 U.S.C. § 504] until a final and unreviewable decision is rendered by the court on the appeal or until the underlying merits of the case have been finally determined pursuant to the appeal.

5 U.S.C. § 504(a)(2). Even the Secretary admits that at first glance this section suggests that agencies retain authority to make fee awards in cases that have been appealed. Unfortunately the legislative history of this new section does not shed any light on the apparent conflict between it and section 504(c)(1).

After the 1985 amendment to the EAJA, the plain language of section 504(a)(2) provides that agencies retain authority to make fee awards in cases that the government appeals. As Phoenix points out, this provision only refers to government appeals because if the non-government party appealed, that party would not bother to submit a fee application because it obviously had not been the "prevailing party." Phoenix argues that the only sensible interpretation of this new provision is that when there is an appeal of part of a case, the Commission retains jurisdiction to enter an EAJA award for the entire case after the appeal is over.

■ The rules of statutory construction require us to attempt to read these two apparently contradictory provisions in harmony. Therefore, we conclude that Congress intended that both the agency and the appellate court have jurisdiction to consider an application for attorney's fees under the EAJA if the appellate court has reviewed the agency decision. *See, e.g., Almendarez v. Barrett–Fisher Co.,* 762 F.2d 1275, 1280 (5th Cir.1985) (court should attempt to reconcile arguably contradictory statutory passages). The statutory scheme of the EAJA and the fact that courts have held that the OSHRC is analogous to a district court support our conclusion.

Our interpretation is supported by the analogous structure Congress mandated in 28 U.S.C. section 2412(d). Although this section deals with Article III courts, it outlines the same general procedures for EAJA applications. This court has previously held that 28 U.S.C. section 2412(d) does not mandate that the appellate court rule on EAJA applications in the first instance, even for issues reviewed on appeal. *See United States v. 329.73 Acres of Land,* 704 F.2d 800, 811–12 (5th Cir.1983) (*en banc*). In *329.73 Acres of Land,* this court held that while an appellate court hearing an appeal from a district court has jurisdiction to decide an EAJA application if it so chooses, "rarely will the district court not be the appropriate tribunal" to make the initial determination on the EAJA application. *Id.* at 811–12. *Cf. Rose v. United States Postal Serv.,* 774 F.2d 1355, 1363–64 (9th Cir.1984) (EAJA application requires a

---

**2.** 5 U.S.C. § 504(c)(1) provides in pertinent part: "If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses may be made only pursuant to section 2412(d)(3) of title 28, United States Code." 28 U.S.C. § 2412(d)(3) gives courts the authority to award attorney's fees and provides that "In awarding fees and other expenses under this subsection ... the court shall include ... fees and other expenses to the same extent authorized in [5 U.S.C. § 504](a)."

ruling from the district court in the first instance); *see also Ashton v. Pierce,* 580 F.Supp. 440, 441 (D.C.Cir.1984) (district court rules on EAJA application for costs and expenses incurred in both the district court and the court of appeals). The rationale behind these decisions is that the district court, as factfinder, is in a better position to evaluate a request for attorney's fees than an appellate court.

This line of cases is applicable to the agency adjudication involved here because courts have held that the OSHRC is analogous to a federal district court. *See In re Perry,* 882 F.2d 534, 537 (1st Cir.1989). In *Oil, Chemical & Atomic Workers v. OSHRC,* the court stated that "[t]he [C]ommission was envisioned by its creators to be similar to a district court." 671 F.2d 643, 652 (D.C.Cir.), *cert. denied,* 459 U.S. 905, 103 S.Ct. 206, 74 L.Ed.2d 165 (1982). The court distinguished the OSHRC from other administrative bodies because it is a purely adjudicatory body. Like a district court, it has no duty or interest in defending its decision on appeal and it has no stake in the outcome of the litigation. *Id.; see also* Subcomm. on Labor and Public Welfare, 92d Cong., 1st Sess., *Legislative History of the Occupational Safety and Health Act* 466 (Comm. Print 1971) (remarks of Sen. Javits) (OSHRC should be afforded the "same authority as ... a judge"); *id.* at 475 (remarks of Sen. Holland) (OSHRC should be considered a court); 116 Cong.Rec. 38708 (Nov. 24, 1970) (statement of Rep. Steiger) (characterizing OSHRC as "an independent court").

■ Therefore, we hold that the OSHRC did indeed have jurisdiction to consider Phoenix's EAJA application for attorney's fees, even though the First Citation was appealed to this court. The plain language of Section 504(a)(2) indicates that the OSHRC retains jurisdiction to make fee awards in cases that have been appealed. The analogous statutory structure found in Title 28, which courts have interpreted as allowing district courts to award fees even if the decision was reviewed on appeal, coupled with the fact that courts have repeatedly held that Congress intended to treat the OSHRC as a district court, supports this interpretation.

### E. Finding of Substantial Justification

Finally, we must determine whether the Commission acted outside the confines of its jurisdiction in this case by awarding fees and expenses against the Secretary without determining whether the Secretary was substantially justified in issuing and prosecuting the citations against Phoenix. The EAJA directs an agency conducting an adversary adjudication to award attorney's fees and other expenses to a non-federal prevailing party "unless the adjudicative officer ... finds that the position of the agency was substantially justified." 5 U.S.C. § 504(a)(1).

Congress adopted the "substantial justification" standard to "balance[ ] the constitutional obligation of the executive branch to see that the laws are faithfully executed against the public interest in encouraging parties to vindicate their rights." H.R. Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News (96 Stat.) 4984, 4989. While facilitating review of unreasonable governmental action, the conditional fee-shifting approach operates as a " 'safety valve' ... to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts." *Id.* at 11, *reprinted in* 1980 U.S.Code Cong. & Admin. News at 4990.

The government clearly bears the burden of demonstrating that fees should not be awarded in a given case. *S & H Riggers & Erectors, Inc. v. OSHRC,* 672 F.2d 426, 430 (5th Cir. Unit B 1982). The government's burden of showing substantial justification for a case is not, however, insurmountable. *Id.* "The standard ... should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case." H.R. Rep. No. 1418, 96th Cong., 2d Sess. at 10, 18; 1980 U.S.Code Cong. & Admin.News at 4989, 4997. Rather, the government must

show "that its case had a reasonable basis both in law and fact." *S & H Riggers,* 672 F.2d at 430.

 An award of fees and expenses under the EAJA must include the "predicate finding" that the government's position was not substantially justified. *Jean v. Nelson,* 863 F.2d 759 (11th Cir.1988), *aff'd,* — U.S. ——, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Here the OSHRC's decision granting Phoenix's application makes no finding that the agency action was not substantially justified. Instead the OSHRC ALJ merely found Phoenix to be "the prevailing party in the proceeding leading up to this application." This determination is not sufficient to satisfy the statutory requirements that the ALJ determine whether the agency action was "substantially justified."

Since the question of substantial justification frequently turns on a question of fact, the Commission is better suited to decide this matter than we are. For this reason, we remand to the Commission for a finding on substantial justification.[3]

## III. CONCLUSION

Because the OSHRC did not comply with the EAJA when it failed to make an explicit finding regarding whether the Secretary's actions were "substantially justified," we REVERSE and REMAND to permit the OSHRC to make findings consistent with part II.E. of this opinion.

---

**3.** Because Phoenix did not brief or argue that the Commission ALJ erred when it denied Phoenix's application for an award of supplemental attorney's fees incurred in connection with responding to the Secretary's Motion Opposing the Application, we deem the issue waived. *See* *United Paperworkers Int'l Union v. Champion Int'l Corp.,* 908 F.2d 1252, 1255 (5th Cir.1990); *In re Texas Mortgage Servs. Corp.,* 761 F.2d 1068, 1073 (5th Cir.1985); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3974, at 421 & n. 1 (1977).