**EAGLE ENERGY, INCORPORATED,
Petitioner,**

v.

**SECRETARY OF LABOR; Mine Safety and Health Administration; Federal Mine Safety & Health Review Commission, Respondents.**

No. 00–1073.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 2000.

Decided Feb. 15, 2001.

**ARGUED:** L. Joseph Ferrara, Jackson & Kelly, P.L.L.C., Charleston, West Virginia, for Petitioner. Norman Michael Gleichman, Federal Mine Safety and Health Review Commission, Washington, D.C.; Robin Ann Rosenbluth, Office of the Solicitor, United States Department of Labor, Washington, D.C., for Respondents. **ON BRIEF:** David J. Hardy, Maris E. McCambley, Jackson & Kelly, P.L.L.C., Charleston, West Virginia, for Petitioner. James Y. Callear, John T. Sullivan, Federal Mine Safety and Health Review Commission, Washington, D.C.; Henry L. Solano, Edward P. Clair, W. Christian Schumann, Office of the Solicitor, United States Department of Labor, Washington, D.C., for Respondents.

Before WILLIAMS and TRAXLER, Circuit Judges, and MAGILL, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Dismissed by published opinion. Senior Judge MAGILL wrote the opinion, in which Judge WILLIAMS and Judge TRAXLER joined.

## OPINION

MAGILL, Senior Circuit Judge:

Eagle Energy ("Eagle") appeals both an administrative law judge's finding that Eagle committed a "significant and substantial" violation of a regulation of the Federal Mine Health and Safety Act of 1977 (the "Act"), and the refusal of the Federal Mine Safety and Health Review Commission (the "Commission") to review the administrative law judge's finding. Because Eagle does not appeal from a final order, we dismiss for lack of jurisdiction.

### I.

We begin by examining the Act's procedural scheme. The Act authorizes the Secretary of Labor (the "Secretary"), acting through the Mine Safety and Health Administration (the "Administration"), to promulgate mandatory safety and health standards and conduct regular inspections of mines. 30 U.S.C. § 811 (2000). The Administration inspects each mine twice a year. *Rock of Ages Corp. v. Secretary of Labor*, 170 F.3d 148, 153 (2d Cir.1999). The Act requires the Administration inspector to issue a citation for each violation of the Act. 30 U.S.C. § 814(a). Violations of the Act may be punished by the assessment of civil and criminal penalties. *Id.* at § 820.

If the inspector finds that a violation "could *significantly and substantially* contribute to the cause and effect of a ... safety or health hazard, and if he finds such violation to be caused by an *unwarrantable failure* of such operator to comply

with such ... standards," then the inspector must include these findings in the citation. *Id.* at § 814(d)(1) (emphases added). A mine operator cited for a violation that both contributes "significantly and substantially" to a mine hazard and results from an "unwarrantable failure" receives a § 104(d)(1) withdrawal order if the mine operator commits another "unwarrantable failure" violation within ninety days of the initial citation. *Id.* A withdrawal order requires the mine operator to remove most workers from the area affected by the violation until the operator corrects the violation. *Id.; see also Secretary of Labor v. Federal Mine Safety & Health Review Comm'n*, 111 F.3d 913, 915 (D.C.Cir.1997).

Once the Secretary issues a withdrawal order under § 104(d)(1), any "similar" violation that is due to the mine operator's "unwarrantable failure" results in a withdrawal order under § 104(d)(2); a finding that the violation is "significant and substantial" is no longer required. 30 U.S.C. § 814(d)(2). The actions of a mine operator who receives a § 104(d)(1) withdrawal order are measured against the § 104(d)(2) standard until the Administration inspector finds no "similar" violation. *Id.; see also Secretary of Labor*, 111 F.3d at 915. In other words, once the Secretary issues a § 104(d)(1) withdrawal order, the Administration inspector does not need to determine whether a further "similar" violation is "significant and substantial." These so-called "d-orders" subject mine operators to significant penalties.

A violation of the Act is "significant and substantial" if the following conditions are met: (1) the violation is of a mandatory safety standard; (2) the violation contributes to a discrete safety hazard; (3) there is a reasonable likelihood that the hazard caused by the violation will result in an injury; and (4) there is a reasonable likelihood that the injury in question will be of a reasonably serious nature. *Buck Creek Coal, Inc. v. Federal Mine Safety & Health Admin.*, 52 F.3d 133, 135 (7th Cir.1995). A violation is the

result of a mine operator's "unwarrantable failure" if the operator engaged in aggravated conduct constituting more than ordinary negligence. *Rock of Ages Corp.*, 170 F.3d at 157.

A mine operator may appeal a citation through the following process. First, the mine operator can contest a citation before a Commission administrative law judge (the "ALJ"). 30 U.S.C. §§ 815(d), 823. If unsuccessful, the mine operator may then appeal the ALJ's decision to the Commission, which has discretion in providing review. *Id.* at § 823(d)(2). If all else fails, the mine operator can appeal the Commission's decision to a federal court of appeals. *Id.* at § 816(a)(1).

In this case, an Administration inspector allegedly observed four large water accumulations in an Eagle mine escapeway. An escapeway is a passage in a mine that allows miners to move quickly to the surface in the event of an emergency. *See generally National Mining Assoc. v. Mine Safety & Health Admin.*, 116 F.3d 520, 540–41 (D.C.Cir.1997). The inspector cited Eagle under § 104(d)(1) of the Act for a violation of 30 C.F.R. § 75.380(d)(1), which requires that each underground mine escapeway be "[m]aintained in a safe condition to always assure passage of anyone, including disabled persons." The inspector designated the violation as "significant and substantial" and as an "unwarrantable failure."

Eagle contested the citation before ALJ Jerold Feldman. Judge Feldman found that Eagle had violated 30 C.F.R. § 75.380(d)(1) and penalized Eagle $2850, noting that there was extensive water accumulation in an escapeway of an Eagle mine and that the water accumulation would impede the progress of miners during an evacuation. Moreover, Judge Feldman held that Eagle's violation was "significant and substantial," concluding that because the water was located in areas particularly prone to falling during an evacuation, there was a reasonable likelihood that a miner would fall over a sub-merged obstacle and that his injury would be reasonably serious. However, Judge Feldman also held that Eagle's violation was not the result of an unwarrantable failure, primarily because Eagle did not have any means of pumping water out of the mine at the time of the violation.

Eagle appealed Judge Feldman's decision to the Commission, requesting review of Judge Feldman's findings that Eagle violated 30 C.F.R. § 75.380(d)(1) and that the violation was "significant and substantial." The Commission denied Eagle's petition for review. The Secretary also appealed to the Commission, requesting review of Judge Feldman's finding that Eagle's violation was not an "unwarrantable failure." The Commission granted the Secretary's petition, with review of the "unwarrantable failure" issue presently pending. Eagle appeals Judge Feldman's "significant and substantial" finding and the Commission's denial of its petition for review to this Court.

II.

We first must determine whether we have jurisdiction to hear Eagle's appeal. Eagle claims that we have jurisdiction because the Commission's refusal to review Eagle's appeal constitutes a final order under § 106 of the Act. Eagle contends that because the Commission has rendered its last word on the "significant and substantial" finding, this Court may review Judge Feldman's finding. We disagree.

■ Section 106(a)(1) of the Act provides:

Any person adversely affected or aggrieved by an order of the Commission issued under [the Act] may obtain a review of such order in [the appropriate] United States court of appeals ... by filing in such court within 30 days following issuance of such order a written petition praying that the order be modified or set aside.

30 U.S.C. § 816(a)(1). The Act's use of the word "order," as opposed to "finding"

or "conclusion of law," demonstrates that the Commission's refusal to review part of an ALJ determination does not render that determination subject to judicial review. *See American Portland Cement Alliance v. EPA*, 101 F.3d 772, 775 (D.C.Cir. 1996) (rejecting jurisdiction to review an agency "determination" where the provision at issue did not provide for such review, because "Congress clearly knows how to provide this court with jurisdiction over 'determinations' when it so intends"). The Act also requires that a Commission order be final before permitting judicial review. *See Monterey Coal Co. v. Federal Mine Safety & Health Review Comm'n*, 635 F.2d 291, 292 (4th Cir.1980) (holding that "only final Commission orders should be reviewed"); *J. Walter Res. v. Federal Mine Safety & Health Review Comm'n*, 920 F.2d 738, 743–44 (11th Cir.1990) (holding that "decisions of the Commission must be final in order to be appealable"); S.Rep. No. 95–181, at 40 (1977), U.S. Code Cong. & Admin. News at 3401, 3440 (stating that judicial review is available "for review or enforcement of *final orders* of the Commission") (emphasis added). Thus, as a general matter, parties only may seek judicial review of a Commission action if the action is a final order.

The Commission's refusal to review Judge Feldman's resolution of the "significant and substantial" issue does not render this issue "final" for purposes of our review. Section 113(d)(1) of the Act, which governs finality, provides: "The decision of a [Commission ALJ] shall become the *final decision* of the Commission 40 days after its issuance unless within such period the Commission has directed that such decision shall be reviewed by the Commission." 30 U.S.C. § 823(d)(1) (emphasis added). Notably, § 113(d)(1) uses the

word "decision" rather than "finding" or "determination." In this case, the Commission has accepted review of the ALJ's "unwarrantable failure" finding; the full ALJ decision will not become final until the Commission resolves the "unwarrantable failure" determination. In other contexts, courts have held that when there is ongoing administrative review of some issues in an ALJ decision, the remaining issues are not rendered final for purpose of judicial review. *See Secretary of Labor v. Hamilton Die Cast, Inc.*, 1986 WL 53462, 12 OSH Cas. (BNA) 1797 (1986); *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202 (5th Cir.1991). In *Hamilton Die Cast*, the Occupational Safety and Health Review Commission (the "OSHRC") held that issues not granted review by the OSHRC do not become final when the OSHRC has granted review on other issues in the same case. 1986 WL 53462, at *2. The OSHRC noted that if a party wishes to seek review of part of a case not granted review, the party may file a motion under Fed.R.Civ.P. 54(b) * requesting that the issue in question be severed from the case and be adjudged a final order. *Id.* at *7.

Similarly, in *Phoenix Roofing*, the Fifth Circuit examined the Secretary of Labor's claim that the court had jurisdiction to review the Secretary's appeal because the OSHRC had not granted review of the ALJ's decision on the issue the Secretary sought to appeal. However, the OSHRC had granted review on another issue in the same case. The Fifth Circuit, relying on *Hamilton Die Cast*, held that when the OSHRC granted review on one issue in the case, the OSHRC had the entire case before it so that the Secretary could not appeal until the final disposition of the entire case. 922 F.2d at 1206. The court

---

\* Rule 54(b) provides:

[W]hen more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of the decision, however designated, which adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims.

**324**

noted that the Secretary could file a motion asking the ALJ to sever the case by entering an order of final judgment under Rule 54(b). *Id.* at 1207. The court concluded that Rule 54(b) struck the appropriate balance between the policy against piecemeal appeals while "providing a means for avoiding the injustice that might result if judgment on a distinctly separate claim were delayed until adjudication of an entire case was complete." *Id.*

We find the reasoning of *Hamilton Die Cast* and *Phoenix Roofing* compelling in the analogous situation presented here. Even though the Commission granted review on only one issue in this case, Judge Feldman's entire decision is before the Commission for review. If Eagle wishes to gain immediate review in this Court, it must file a motion with Judge Feldman asking him to sever the case by entering an order of final judgment on the "significant and substantial" finding under Fed. R.Civ.P. 54(b). Thus, Judge Feldman's "significant and substantial" conclusion does not constitute a final order under the Act.

Eagle argues, however, that Judge Feldman's "significant and substantial" finding is final under § 105(d) of the Act, which states that when a mine operator contests a citation, "the Commission shall afford an opportunity for a hearing ... and thereafter shall issue an order ... affirming, modifying, or vacating the Secretary's citation, order, or proposed penalty, or directing other appropriate relief. Such order shall become final 30 days after its issuance." 30 U.S.C. § 815(d). Eagle misconstrues the Act's procedural scheme. In fact, § 105(d) simply provides that a party has thirty days after an adverse ALJ decision to appeal; otherwise, the ALJ's decision becomes final. 30 U.S.C. § 815(d). During the thirty-day period after the ALJ's decision, the "aggrieved" party can file a petition for review with the Commission. *Id.* at § 823(d)(2)(A)(i). If the "aggrieved" party does not file a petition within thirty days, then the ALJ's decision

becomes final. *Id.* If, however, the "aggrieved" party does file a petition for review of the ALJ's decision within thirty days, then the Commission has forty days after the issuance of the ALJ's decision to accept the petition for review. *Id.* at § 823(d)(1). If the Commission either denies the petition for review or does not respond within forty days, then the ALJ's decision becomes final. *Id.* Therefore, § 105(d) does not render Judge Feldman's "significant and substantial" finding final. Instead, the Commission granted review of Judge Feldman's decision, so this case will not become final for purposes of our review until the Commission issues a decision.

Eagle also argues that the Commission's denial of its petition for review constitutes an immediately appealable collateral order. Eagle claims that the Commission should not have granted the Secretary's petition to review the "unwarrantable failure" finding while rejecting Eagle's petition to review the "significant and substantial" issue. A decision is an immediately appealable collateral order if the decision: (1) conclusively determines the question in the trial court; (2) resolves an important question independent of the subject matter of the litigation; (3) is effectively unreviewable on appeal from a final judgment or so important that review should not wait upon final judgment; and (4) presents a serious and unsettled question upon appeal. *Carolina Power & Light Co. v. United States Dep't of Labor,* 43 F.3d 912, 916 (4th Cir.1995). We find it unnecessary, however, to address these factors because we do not have the power to grant Eagle the relief it requests.

The Act grants the Commission discretion in considering petitions for review. *See* 30 U.S.C. § 823(d)(2)(A)(i) ("Review by the Commission shall not be a matter of right but of the sound discretion of the Commission."). Indeed, the Act contemplates that the Commission sometimes will not consider all issues presented for review. *See* 30 U.S.C. § 823(d)(2)(A)(iii) ("If

granted, review shall be limited to the questions raised by the petition."). The Act states: "Review by the Commission shall be granted *only* by affirmative vote of two of the three Commissioners present and voting." *Id.* (emphasis added). Thus, the only body that can decide whether the Commission should grant a petition for review is the Commission itself; this Court does not have that power.

Our decision today comports with the federal policy against piecemeal appeals. *See* 10 *Moore's Federal Practice* § 54.21[4] (3d ed.1999) (noting the development of the final judgment rule as a means to vindicate federal courts' preference for "unitary appellate disposition"); *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir.1993). Moreover, Eagle may obtain judicial review of Judge Feldman's "significant and substantial" finding; however, it must wait until the Commission issues a final order disposing of the entire case.

### III.

We have no jurisdiction to hear Eagle's appeal because the Commission's denial of Eagle's petition for review does not constitute a final order. Moreover, this Court has no jurisdiction to hear Eagle's appeal under the collateral order doctrine. Accordingly, Eagle's appeal is

*DISMISSED.*