**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James E. CAMPBELL, Defendant–**
**Appellant.**

**No. 00–5472.**

United States Court of Appeals,
Sixth Circuit.

March 19, 2001.

Before COLE and GILMAN, Circuit Judges, ALDRICH, District Judge.*

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Pro se federal prisoner James E. Campbell appeals a district court order that denied his motion for costs. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

In November 1999, citing to 5 U.S.C. § 504(a) and 28 U.S.C. § 2412(d)(1)(B), Campbell filed a motion seeking payment for costs he incurred in successfully challenging a modification of his sentence. *See United States v. Campbell*, 168 F.3d 263, 264 (6th Cir.1999) (providing procedural history). The district court denied the motion, concluding that Campbell was ineligible because he was not a prevailing party in a civil case.

In his timely appeal, Campbell argues that the district court erred in denying his motion for costs. Both parties have filed briefs.

Upon review, we affirm the district court's order for reasons other than those stated by the district court. *See Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir.1999), *cert. denied*, 528 U.S. 1198, 120 S.Ct. 1263, 146 L.Ed.2d 118 (2000). Disregarding whether Campbell was eligible for costs under 5 U.S.C. § 504(a) or 28 U.S.C. § 2412(d)(1)(B) because of the character of the action that resulted in his fine being deleted from his sentence, both statutes he relied upon in his motion for costs required him to seek relief within thirty days of the district court order that deleted his fine. *See* 5 U.S.C. § 504(a)(2); 28 U.S.C. § 2412(d)(1)(B). Campbell filed his motion more than two years too late. Because he failed to timely seek costs, the district court lacked jurisdiction to consider his

motion. *See United States v. Ranger Elec. Communications, Inc.,* 210 F.3d 627, 631 (6th Cir.2000) (stating that the thirty-day time limit of § 2412(d)(1)(B) "is jurisdictional and cannot be waived."); *Dole v. Phoenix Roofing, Inc.,* 922 F.2d 1202, 1205 (5th Cir.1991) (concluding that timely filing for costs under § 504 was a jurisdiction prerequisite).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.