# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 01-20891

_____

RODOLFO BRISENO, ET AL.,

Plaintiffs,

JUDITH CASTANEDA,

Plaintiff-Appellant,

VERSUS

JOHN ASHCROFT,
UNITED STATES ATTORNEY GENERAL;
JAMES BURZYNSKI,
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,
TEXAS SERVICE CENTER DIRECTOR;
RICHARD B. CRAVENER,

Defendants-Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JUDITH CASTANEDA,

Plaintiff-Appellant,

VERSUS

JAMES BURZYNSKI,
DIRECTOR, TEXAS SERVICE CENTER,
UNITED STATES DEPARTMENT OF JUSTICE,
IMMIGRATION AND NATURALIZATION SERVICE;
RICHARD B. CRAVENER,
DIRECTOR, HOUSTON'S DISTRICT OFFICE,
UNITED STATES DEPARTMENT OF JUSTICE,
IMMIGRATION AND NATURALIZATION SERVICE,

Defendants-Appellees.

—————————————

Appeal from the United States District Court
for the Southern District of Texas

—————————————

May 24, 2002

Before SMITH, BENAVIDES, and PARKER,
Circuit Judges.

PER CURIAM:

Judith Castaneda appeals the denial of her FED. R. CIV. P. 60(b) motion for reconsideration of a ruling denying her fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Because the district court lacked subject matter jurisdiction, we affirm.

I.

In August 1998, Castaneda and her husband sued James Burzynski, in his capacity of director of the Immigration and Naturalization Texas Service Center, to adjudicate their applications for adjustment of status. Two months later, the court granted a joint motion to dismiss without prejudice.[1] In September 2000, Castaneda filed a mandamus petition seeking action on her status application. The parties also reached

_____

[1] This was a FED. R. CIV. P. 41(a)(2) dismissal without any conditions.

2

agreement on this action, and it was dismissed without prejudice by motion of the court on December 1, 2000.[2]

In February 2001, Castaneda filed a request for costs and fees under the EAJA; the district court denied this request on April 6. On May 4, Castaneda filed motion to "reconsider," which the court construed as a rule 60(b) motion and denied. Castaneda timely appealed the denial.

## II.

An application for expenses under the EAJA must be filed within thirty days of "final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment for purposes of the EAJA must be "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The government contends that because more than thirty days elapsed between the second rule 41(a)(2) dismissal order and Castaneda's EAJA application, the district court was without jurisdiction to consider it.

Because this thirty-day deadline represents a waiver of sovereign immunity, it is jurisdictional. *Clifton v. Heckler*, 755 F.2d 1138, 1144-45 (5th Cir. 1985); *Action on Smoking & Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 225-26 (D.C. Cir. 1984).[3] We review the jurisdiction of the district court *de novo*. *United States v. Sims Bros. Constr.*, 277 F.3d 734, 741 (5th Cir. 2001). The thirty-day time period in which an applicant must file for fees under the EAJA begins to run "after the time to appeal that 'final judgment' has expired." *Melkonyan v. Sullivan*, 501 U.S. 89,

96 (1991). Normally, the thirty-day period would start once the time to file an appeal has passed. *Id.* In this case, however, Castaneda did not have the option to appeal.

A rule 41(a)(2) dismissal is ordinarily not appealable. *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990). We have left open the possibility that a rule 41(a)(2) dismissal with conditions imposed by the district court may constitute legal prejudice and thus render the dismissal appealable. *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129-30 (5th Cir. 1978). Here, the district court did not attach any conditions to the dismissal, and Castaneda can point to no legal prejudice arising from it.

Whether the "time for filing an appeal" from a rule 41(a)(2) dismissal without prejudice expires simultaneously with the entry of such an order is an issue of first impression in this circuit. We are compelled by the statutory language to answer in the affirmative. The EAJA's time limitation contains a twist on the standard final judgment rule. Usually, an order described as a final judgement is one that meets the criteria for finality and is appealable. For EAJA fee applications, though, the order must be final and *not* appealable. 28 U.S.C. § 2412(d)(2)(G).

This conclusion finds support in *Bryan v. Office of Personnel Mgmt.*, 165 F.3d 1315, 1321 (10th Cir. 1999), in which the court also regarded the thirty-day filing period as a jurisdictional prerequisite to recovering EAJA fees. As here, the parties filed, and the court granted, a joint motion for voluntary dismissal. *Id.* Reasoning that such a dismissal did not entitle plaintiff to an appeal, the court used the date of this order to commence the thirty-day

---

[2] This was also a rule 41(a)(2) dismissal without conditions.

[3] *See also Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202 (5th Cir. 1991).

period; plaintiff filed for fees beyond this time and thus was not entitled to recover EAJA fees. *Id.*

Accordingly, because Castaneda filed her application for EAJA fees more than thirty days after the order granting voluntary dismissal became final and non-appealable, the district court was without subject matter jurisdiction. That court should have dismissed the fee application for want of jurisdiction, but the result is the same. We reform the denial of April 6, 2001, to be a dismissal of the motion for want of jurisdiction. As so reformed, the order is AFFIRMED.