**Laurie BRANDT, Plaintiff,**

v.

**Jo Anne B. BARNHART,[1] Commissioner of Social Security Administration, Defendant.**

**No. CIV.A. H–02–1145.**

United States District Court,
S.D. Texas,
Houston Division.

May 2, 2003.

Mary Ellen Felps, Austin, TX, for Laurie Brandt, plaintiff.

Cheryl Latrice Chapman, Office of the General Counsel, Social Security Admin,

Dallas, TX, for Jo Anne B Barnhart, Commissioner of Social Security, defendant.

## MEMORANDUM AND ORDER

HOYT, District Judge.

Having conducted a review of the Memorandum and Recommendation [Doc. # 31], as well as all other materials on file in this proceeding and noting that no Objections have been filed to the Memorandum and Recommendation, this Court finds that the Memorandum and Recommendation is well founded and is adopted herein. It is, therefore,

**ORDERED** that Brandt's Petition for Attorneys' Fees [Doc. # 25] is **DENIED** for lack of subject matter jurisdiction.

The Clerk of Court shall file this Memorandum and Order and provide the parties with a true copy.

## MEMORANDUM AND RECOMMENDATION

BOTLEY, United States Magistrate Judge.

Pending before the Court is Plaintiff Laurie Brandt's ("Brandt") Petition for Attorney's Fees (Entry # 25), brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1980). Following the filing of the lawsuit, Brandt successfully obtained the remand of the request for social security benefits to the Social Security Administration. *See* Final Judgment (Entry # 23). Brandt now seeks approval for the award of five thousand eight hundred eighty dollars ($5,880.00) for attorneys' fees and costs, which includes 42 hours of work performed by counsel at the rate of one hundred forty dollars ($140.00) per hour. Brandt's attorney contends that the requested fees re-

---

1. Jo Anne B. Barnhart was appointed Commissioner of Social Security Administration effective November 9, 2001 and, accordingly, is substituted as the defendant in this matter.

flect legal work reasonably and necessarily expended on Plaintiff's behalf. *See* Affidavit Supporting Motion for Attorneys' Fees and Costs attached to Memorandum in Support of Petition (Entry # 26). Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner") maintains, however, that Brandt's request for attorneys' fees is untimely as it was filed more than ninety (90) days following the entry of Final Judgment and, hence, the request for fees must be denied. *See* Defendant's Response to Plaintiff's Motion to Petition for Attorneys Fees (Entry # 29).

Final Judgment was entered in this matter on October 8, 2002, remanding the case to the administrative agency, pursuant to "sentence four" of the Social Security Act, for further proceedings and determination. *See* Final Judgment (Entry # 23). Following a favorable finding on her behalf, including an award of past benefits, Brandt sought attorneys fees and costs for the successful pursuit of her case. *See* Petition for Attorneys Fees (Entry # 25). The Petition for Attorneys Fees (Entry # 25) was filed on February 6, 2003, in excess of ninety days following the entry of Final Judgment (Entry # 23). Counsel for Brandt indicated that the Petition was untimely because of the occurrence of serious family misfortunes as well as a heavy workload during the holidays. *See* Motion to File Petition for Attorneys Fees Out of Time (Entry # 24).[2]

Section 2412 of the Equal Access to Justice Act ("EAJA") has been construed to provide for the consideration of those applications for fees and expenses that are filed within thirty (30) days of a final nonappealable judgment. See *Briseno v. Ashcroft*, 291 F.3d 377, 379 (5th Cir.2002); *see also* 28 U.S.C. § 242(d)(1)(B) and (d)(2)(G). The thirty day time period commences af-

ter the time to appeal the final judgment has expired. See *id.; Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

In this instance, the Court was divested of the jurisdiction necessary to entertain the Petition for Attorneys Fees (Entry # 25) on January 9, 2003, ninety days following the entry of Final Judgment, as the time bar for the filing of attorneys' fees request has been construed as a jurisdictional limitation. See *Briseno v. Ashcroft*, 291 F.3d at 379, 380; *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202 (5th Cir.1991). In failing to file a timely request for the fees, Brandt did not confer the necessary subject matter jurisdiction for the consideration of the EAJA attorneys fees request and she is, thus, statutorily prohibited from recovering the fees. See *Briseno v. Ashcroft, id.* The Court is, thus, jurisdictionally barred considering or awarding the requested EAJA attorneys fees. It is, therefore,

**RECOMMENDED** that Brandt's Petition for Attorneys' Fees (Entry # 25) be **DENIED** for lack of subject matter jurisdiction.

The Clerk of Court shall enter this Memorandum and Recommendation and provide the parties with a true copy. The failure to file written objections to the proposed factual findings and recommendations within ten (10) days of the entry of this Memorandum and Recommendations may bar an aggrieved party, except upon grounds of plain error, from attacking the proposed factual findings and legal conclusions, on appeal. See *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000); *Douglass v. United Services Auto-*

---

**2.** The filing of the untimely Petition was allowed, in part, because despite an Order (Entry # 27), the Commissioner's response (Entry # 29) to the Motion to file Petition for Attorneys Fees Out of Time (Entry # 24) was also untimely. *See* Order (Entry # 30).

*mobile Assoc.,* 79 F.3d 1415, 1424 (5th Cir.1996)*(en banc ).*

Apr. 16, 2003.