**Bill G. and Kaye BRIGHT and Frank E. and Mary A. Hunter, Respondents,**

v.

**Darrell L. ANGLE, Appellant.**

**No. WD 44627.**

Missouri Court of Appeals, Western District.

June 23, 1992.

James W. Riner, Hendricks, Riner & Smith, Jefferson City, for appellant.

Larry D. Harman, Gunn, Shank & Harman, Kansas City, for respondents.

Before FENNER, P.J. and TURNAGE and BRECKENRIDGE, JJ.

TURNAGE, Judge.

Bill Bright and his wife, Kaye, and Frank Hunter and his wife, Mary, brought suit against Darrell Angle to recover the amount they had paid Centerre Bank on a promissory note. The petition alleged fraud on the part of Angle and the court found in favor of the Brights and the Hunters and entered judgment against Angle for a total of $252,841.81. Angle contends that the judgment is unsupported by the evidence. Reversed and remanded.

Centerre Bank filed suit against Angle, the Brights, and the Hunters on a promissory note with a balance of $38,594.74. It was alleged that the note was executed by Angle, Bright, and Hunter and that Kaye Bright and Mary Hunter executed a guaranty of the note. The Brights and the Hunters answered and filed a cross-claim against Angle charging Angle with fraudulent misrepresentation which induced them to sign the note and guaranty. The petition sought actual damages of one-third of the amount due on the Centerre note and punitive damages.

The evidence introduced at trial to the court without a jury was sparse to say the least. From the evidence it appears that Bright, Hunter, and Angle formed a partnership known as ABH Investments. Angle was a dentist and the plan was for ABH to serve as the financing arm of a corporation known as Angle and Associates. Angle and Associates was a general business corporation engaged in the practice of dentistry through Angle. The Centerre note was executed by Angle, Bright, and Hunter but for use by ABH in its partnership business.

Angle, Bright, and Hunter each owned shares of Angle and Associates and the partnership, ABH Investments, owned 1200 shares of Angle and Associates.

These business endeavors were undertaken in an effort to open and operate at least seven dental offices in the Kansas City area. The plan generally fell apart when the Missouri State Dental Board charged that Angle was illegally practicing dentistry through a general business corporation in which some of the shareholders were non-dentists. This caused Angle to withdraw from the ABH partnership in September, 1986, and to resign from his employment by Angle and Associates.

During the time that ABH and Angle and Associates operated there were several leases entered into by ABH. In addition, Angle and Associates operated one or two dental offices which generated income.

The court found that Angle had made misrepresentations and had breached his fiduciary duty to Bright and Hunter. The court entered judgment in favor of Bright and Hunter for the balance due on several leases and the Centerre note which Bright and Hunter had actually paid. The court entered judgment in favor of the Brights and the Hunters for the full amount due on the Centerre note. The court also entered judgment in favor of the Brights and the Hunters for punitive damages. Most of the judgment was based on evidence beyond the pleadings but received without objection. The judgment did not specify what action the misrepresentation triggered.[1]

Angle first contends that the judgment is unsupported by the evidence. Kaye Bright and Mary Hunter signed the Centerre note as guarantors and their theory of liability against Angle was that the note was signed as a result of misrepresen-

---

[1]. This omission is understandable because the petition alleged only that misrepresentations caused the Centerre note to be signed. The theory of liability on the unpleaded items was not made clear in the evidence.

tations made by Angle. The petition did not allege, nor did the evidence show, that Angle made any misrepresentation to Kaye Bright or Mary Hunter. For that reason the judgment in their favor against Angle is unsupported by the evidence.

■ The fundamental difficulty with the suit brought by Bill Bright and Frank Hunter is the fact they were partners of Angle and their claim against Angle is based entirely upon matters which arose out of the ABH partnership. In *Warren v. Warren*, 784 S.W.2d 247, 252[5] (Mo.App. 1989), this court held:

> Ordinarily, under Missouri law, an action at law between partners will not lie until an accounting results in the striking of a balance. *Koontz v. Whitaker*, 111 S.W.2d 197, 199 (Mo.App.1937). Actions at law may be maintained without the prerequisite of an accounting only "where the partnership is limited to a single venture, or where the items sued on are few and simple of solution." *Id.*

In this case there is no indication of whether or not the partnership has been dissolved and an accounting had of the partnership accounts. There is no pleading or evidence to indicate that this has been done. There is no doubt that this is an action at law between partners based upon the business of the partnership.

While there are exceptions to the rule stated in *Warren*, there is no pleading to indicate that the exceptions apply in this case. Further, from the record this court cannot find that the partnership was limited to a single venture when the partnership entered into several leases connected with dental office operations and was engaged in supplying financing for a corporation in which the partnership was a substantial stockholder. This court cannot determine on the record presented that the exceptions apply.

The judgment in favor of Kaye Bright and Mary Hunter is reversed and their cause of action is remanded because it may be that they can produce proof to sustain their cause of action. The judgment in favor of Bill Bright and Frank Hunter is reversed and their cause of action is remanded for further proceedings.

All concur.