STATE of Missouri, ex rel. Darrell L. ANGLE, Relator,

v.

The Honorable Owens Lee HULL, Respondent.

No. WD 52096.

Missouri Court of Appeals, Western District.

July 23, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1996.

Application to Transfer Denied Oct. 22, 1996.

James W. Riner, Hendricks and Riner, P.C., Jefferson City, for Relator.

John R. Shank, Jr., James A. Kessinger, Gunn, Shank and Stover, P.C., Kansas City, for Respondent.

Before ULRICH, P.J., and SMART and LAURA DENVIR STITH, JJ.

ULRICH, Presiding Judge.

Dr. Darrell Angle seeks this court's writ of prohibition to prevent Judge Owens Lee Hull from proceeding further with execution upon the underlying judgment in this matter until all issues are disposed of and the judgment is final. Dr. Angle asserts that the judgment is not final because judgment has not been entered on two of five counts of the plaintiff's petition.

On December 29, 1995, this court's Preliminary Rule in Prohibition was issued to the Honorable Owens Lee Hull, or such other judge of the Circuit Court of Platte County now attending the proceedings. Among the provisions of the Preliminary Rule in Prohibition was the order "to refrain from proceeding further on Bill Bright and Frank Hunter's motion for an Order Directing Payment of Funds Subject to Attachment into Court, filed December 14, 1995, in the Circuit Court of Platte County."

The portion of the Preliminary Rule in Prohibition as just set forth herein is hereby made absolute. The portion of the Preliminary Rule in Prohibition ordering the Respondent to hold in abeyance his order of December 27, 1995, directing Boatmen's Bank of Kansas City to "pay over and deliver the sum of $22,000.00 to plaintiffs ... from and out of the account at said Bank which is subject of the attachment issued in this proceeding" is moot and is hereby quashed.

## BACKGROUND FACTS

Dr. Darrell Angle, a dentist, Bill Bright and Frank Hunter formed ABH Investments, a partnership. The partnership was part of a corporation known as Angle & Associates, Inc., and was engaged in the practice of dentistry through Dr. Angle. ABH Investments borrowed money to fund the venture and entered into lease agreements. All three partners were guarantors on the partnership obligations, and Mrs. Kaye Bright and Mrs. Mary Hunter were also guarantors on a few of the notes.

The Missouri Dental Board advised Dr. Angle that he could not practice dentistry through a general corporation. Dr. Angle resigned his employment with Angle &. Associates, Inc. and withdrew from the ABH partnership. Dr. Angle's departure from the two business entities terminated income to both.

Centerre Bank, a creditor of the ABH partnership, sued the individual partners and Mrs. Bright and Mrs. Hunter on a partnership note each had guaranteed. The Brights and Hunters cross claimed against Dr. Angle for fraudulent misrepresentation, violation of fiduciary duty, contribution and indemnification. The trial court entered judgment against Dr. Angle on the cross claim. Dr. Angle appealed the judgment. This court reversed the judgment and remanded the case, finding that no accounting had been made as required under Missouri law. *Bright v. Angle*, 833 S.W.2d 12, 14 (Mo.App. 1992).

After remand, the Plaintiffs filed an amended cross-claim to include a fifth count for an accounting. A Master was appointed to perform the accounting of the partnership. The Court adopted the Master's amended report, but did not specifically enter judgment on the Master's findings. Prior to trial, Mr. Bright and Mr. Hunter dismissed Count IV without prejudice. Mrs. Bright and Mrs. Hunter also withdrew their claims against Dr. Angle. Judge Hull entered a directed

verdict in favor of plaintiffs on Count III for contribution. Count I, fraud, and Count II, breach of fiduciary duty, were submitted to the jury. The jury returned verdicts in favor of Dr. Angle on Count I and in favor of Mr. Bright and Mr. Hunter on Count II. The court entered judgment on the jury verdicts.

On December 14, 1995, Mr. Bright and Mr. Hunter filed a motion for an order directing payment of funds that had been subject to attachment and paid into court. The funds had belonged to Dr. Angle, had been in a bank account, and had been attached and placed under the court's control prior to trial. Judge Hull ordered the money paid to Mr. Bright and Mr. Hunter in partial satisfaction of the judgments which the court had entered. Dr. Angle then filed his application for a writ of prohibition asking that Judge Hull be prohibited from ordering payment of the funds and to refrain from proceeding further with execution upon the judgment, which he claims is not final until all matters pending before the court are concluded.[1]

## DISCUSSION

 The sole issue in this prohibition action is whether the judgment of the trial court is final. In order to execute on a judgment, the judgment must be final. *State ex rel. Turner v. Sloan*, 595 S.W.2d 778, 780 (Mo.App.1980). A final judgment is one that disposes of all parties and all issues in a case, leaving nothing for future determination. *Cooper v. Continental Fidelity Surety Co.*, 851 S.W.2d 65, 67 (Mo.App.1993). Thus, a judgment on one count is not final where the remaining counts of the petition or a counterclaim have not been disposed of. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995); *Anderson v. Metcalf*, 300 S.W.2d 377, 378 (Mo. banc 1957). Dr. Angle asserts that the judgment of the trial court does not dispose of Count I, fraud, or Count V, the accounting, and, therefore, the judgment of the court is not final and cannot be executed upon as a final judgment. He seeks to prohibit Judge

1. The money held in attachment by the court was paid to Mr. Bright and Mr. Hunter as partial satisfaction of judgment prior to the filing of the application for writ of prohibition. This court cannot prohibit an action that is already completed. However, Dr. Angle also requests that Judge Hull be prohibited from proceeding further with execution on the judgment, and this court has authority to address that issue.

Hull from ordering any further execution on the judgment that he alleges is interlocutory.

### Count I, Fraud

■ Count I was submitted to the jury, and judgment was entered November 30, 1995. Verdict forms A and B addressed the fraud claim against Dr. Angle. Verdict form A found for Dr. Angle on Mr. Bright's claim, and verdict form B found for Dr. Angle on Mr. Hunter's claim. The judgment of the court, after setting forth the jury verdicts, stated:

> Said verdicts having been announced in open Court, and the Court having accepted and filed said verdicts.
>
> THEREFORE, it is considered, ordered, adjudged and decreed by the Court in accordance with Verdict C of the jury aforesaid, that Plaintiff Bill Bright recover from the defendant the sum of 41,000, the amount assessed by the jury aforesaid.
>
> IT IS FURTHER ORDERED, adjudged and decreed by the Court in accordance with Verdict D of the jury aforesaid, that Plaintiff Frank Hunter recover from the defendant the sum of 91,000, the amount assessed by the jury aforesaid.
>
> IT IS FURTHER ORDERED, adjudged and decreed that Defendant Darrell L. Angle take nothing from either Plaintiff Bill Bright or Angle & Associates, Inc. as a result of his cross claims.
>
> IT IS FURTHER ORDERED that costs are assessed against Defendant Darrell L. Angle, and let execution issue against Darrell L. Angle for the judgment herein above stated and for the costs incurred herein. Nothing set forth herein alters the judgment entered by the Court on November 30, 1995.

■ The court accepting the verdicts of the jury entered judgment accordingly. However, the judgment did not specifically mention Verdicts A and B that found the claims of fraud in Dr. Angle's favor. Failure to embody a judgment in a formal entry does not prevent the judgment from being effective. *Munn v. Garrett*, 666 S.W.2d 37, 39 (Mo.App.1984). Any uncertainties can be corrected by dispositive pronouncements in findings of fact and conclusions of law. *Luebbering Oil Co. v. Ozark Truck Plaza*, 883 S.W.2d 558, 560 (Mo.App.1994). The Court specifically stated that it was entering judgment in accordance with the verdicts as set forth in the court's judgment, and the jury found in Dr. Angle's favor on the fraud claims. Therefore, the court has ruled on Count I, fraud.

### Count V, Accounting

■ While the court entered judgment for the matters tried before the jury and for Count III, contribution, in its judgments of November 30, 1995, no specific judgment has been entered on Count V, the accounting. A judgment on a claim for accounting implies that an amount named therein as due to a partner has been ascertained after a full settlement of partnership affairs. 68 C.J.S. *Partnership* section 445 (1993).

A Master was appointed. The Master submitted a report that articulated the partnership's assets and liabilities and the contributions of each partner and the partnership assets held by or disposed of by each partner. The report was adopted by the court. The Master found that although the assets of ABH partnership totalled $135,367.46 as of September 1, 1986, and the partnership's total liabilities on the same date totalled $134,851.25, the net assets as of February 28, 1995, were $46,909.24, and the total liabilities as of the same date were $81,904.21. The only tangible assets claimed by the partnership were a copier and computer equipment valued at $200, in the possession of both Mr. Bright and Mr. Hunter. Of the total assets as of February 28, 1995, $46,709.24 was an offsetting claim against Spellman Associates, Spellman claiming the same amount against the partnership.

■ Although the adopted report identified partnership assets and liabilities, the record before this Court does not reflect that the assets and liabilities were applied to the partners' capital accounts. Thus, the accounts appear not to have been concluded and were not yet in a posture for entering the final judgment ascribing to each partner that partner's financial relationship to the other partners within the partnership. The

action for accounting is not final until the trial court enters judgment in accordance with the Master's findings. *Anderson,* 300 S.W.2d at 379. Judgment on the Master's findings was not entered.

 Respondent asserts that the accounting was necessarily addressed in the order for contribution in Count III. However, contribution and an accounting are not the same thing. An accounting involves much more than an action in contribution. An accounting encompasses the life of the partnership. *Stein v. Jung,* 492 S.W.2d 139, 145 (Mo.App.1973). The interests and rights to partnership assets must be determined. *Id.* In an action for contribution, a partner is merely seeking reimbursement from his co-partners for their proportion of responsibility for an obligation in which the complaining partner has paid more than his share. *Smith v. Wohl,* 702 S.W.2d 905, 911 (Mo.App. 1985). Therefore, Count V for an accounting was not addressed within the order issued on Count III, contribution.

All claims before the court are not resolved. The judgment is not final. Execution cannot issue until all claims have been ruled on by the court and the judgment is final.

The portion of the Preliminary Rule in Prohibition as set forth herein is hereby made absolute. The portion of the Preliminary Rule in Prohibition ordering the Respondent to hold in abeyance his order of December 27, 1995, directing Boatmen's Bank of Kansas City to "pay over and deliver the sum of $22,000.00 to plaintiffs ... from and out of the account at said Bank which is subject of the attachment issued in this proceeding" is moot and is hereby quashed.

All concur.