James P. DAVIS and Community
Title Company, Appellants,

v.

Jay ANGOFF, Director of the Missouri Department of Insurance and The Administrative Hearing Commission, Respondents.

No. WD 53126.

Missouri Court of Appeals,
Western District.

Sept. 30, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 25, 1997.

Application for Transfer Denied
Jan. 27, 1998.

Thomas A. Connelly, P.C., St. Louis, for appellants.

Christopher M. Kehr, Jefferson City, for respondents.

Before ULRICH, C.J., P.J., and BERREY and SMART, JJ.

ULRICH, Chief Judge, Presiding Judge.

Jay Angoff, Director, Missouri Department of Insurance (DOI) appeal the trial court's decision which reversed the Administrative Hearing Commission's (AHC) dismissal of James P. Davis and Community Title Company's (Davis & Community Title) attorney's fees petition under sections 536.085 and 536.087. § 536.085, RSMo (1989); § 536.087 RSMo (1989). For reasons explained below, the appeal is dismissed for lack of jurisdiction.

## STATEMENT OF FACTS

A twelve-count disciplinary complaint was filed against Davis & Community Title by DOI, on April 13, 1993, seeking license forfeiture as title insurance agents. A hearing before the AHC was conducted, and on March 10, 1994, the AHC determined that no disciplinary cause of action existed under any counts of the complaint. DOI did not appeal this ruling. Davis & Community Title filed a petition (Fee Case # 1) with the AHC on April 11, 1994, under sections 536.085 and

536.087 seeking to recover attorney's fees and expenses incurred as a result of the complaint having been filed. The AHC conducted a hearing, and on May 1, 1995, the AHC determined that DOI was not substantially justified in bringing seven out of the twelve counts and awarded a pro rata share of attorney fee expenses to Davis & Community Title. DOI appealed this decision to the circuit court on May 31, 1995.

Before the DOI's appeal was heard, Davis & Community Title filed a second claim (Fee Case # 2) on July 21, 1995, for attorney's fees and expenses arising out of Fee Case # 1. The AHC dismissed Fee Case # 2 on October 5, 1995, finding that attorney fees incurred in prosecuting an underlying fee action are not recoverable under section 536.087 and that Davis & Community Title, in any event, had waited beyond the statutory thirty-day period in which to file a claim for attorney's fees. Davis & Community Title appealed Fee Case # 2's dismissal with the circuit court on October 18, 1995. On June 26, 1996, the circuit court reversed and remanded the AHC's October 5 decision, finding that attorney fees incurred in an underlying fee action were recoverable and that because Fee Case # 1 was not final, the thirty-day filing period relied upon by the AHC was inapplicable. This appeal followed.

### STANDARD OF REVIEW

This court reviews the decision of the AHC, not the judgment of the circuit court. *Arledge v. Progressive Tire Distribution,* 924 S.W.2d 506, 509 (Mo.App.1996). The trial court is afforded no deference in its determinations of law, and this court will review the AHC's decision *de novo. Johnson v. Denton Constr. Co.,* 911 S.W.2d 286, 287 (Mo. banc 1995). Evidence is viewed in the light most favorable to the agency's decision. *Id.* The decision will be upheld unless it exceeds agency authority; it is not based upon substantial ad competent evidence on the record as a whole; it is unreasonable, arbitrary or capricious; it involves an abuse of discretion; or it is otherwise unlawful. *Prenger v. Moody,* 845 S.W.2d 68, 73–74 (Mo.App.1992).

### I. WHETHER THE ATTORNEY'S FEES SOUGHT IN FEE CASE # 2 ARE RECOVERABLE UNDER SECTION 536.085

As their first point of appeal, DOI contends that attorney's fees incurred in obtaining attorney's fees and expenses for the underlying agency proceeding, Fee Case # 1, are not recoverable under section 536.087. Section 536.087 allows recovery of reasonable fees and expenses for a "prevailing" party in an agency proceeding or civil action absent a finding by the appropriate court or agency that the state's position "was substan tially justified or that special circumstances made an award unjust." § 536.087 RSMo. The statute states:

> A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in civil action or agency proceeding, unless the court or agency finds the position of the state was substantially justified or that special circumstances make an award unjust.

*Id.*

After this appeal was filed, this court, in *Hernandez v. State Bd. of Registration for the Healing Arts,* 936 S.W.2d 894 (Mo.App. 1997), determined that attorney's fees incurred in seeking attorney's fees for an underlying civil action or agency proceeding were recoverable under section 536.087. *Id.* at 901. In *Hernandez,* the plaintiff sought to recover attorney's fees incurred in filing his section 536.087 fee case. *Id.* The Commission found that section 536.087 does not allow for the recovery of attorney's fees incurred in seeking attorney's fees for an underlying civil action or agency proceeding. *Id.* This court examined the purpose of the Equal Access to Justice Act (EAJA), the federal statute after which section 536.087 was patterned, and the cases interpreting the EAJA, and concluded that "[r]efusing to award attorney's fees for the time spent obtaining attorney's fees for the underlying agency proceeding or civil action would thwart the purpose of the EAJA and section 536.087." *Id.* at 901–02; *accord State ex. rel. Div. of Transp. v. Sure-Way*

*Transp., Inc.,* 948 S.W.2d 651, 657 (Mo.App. 1997).

Here, too, Davis & Community Title seek recovery of attorney's fees incurred in seeking attorney's fees for an underlying agency proceeding, Fee Case # 1. Davis & Community Title may attempt to recover the reasonable fees and expenses incurred in prosecuting Fee Case # 1 just as the plaintiff in *Hernandez* was allowed to recover reasonable attorney's fees incurred in prosecuting his underlying fee petition under section 536.087.

## II. THE JURISDICTION OF THE AHC UNDER SECTION 536.087 TO CONSIDER FEE CASE # 2

■ The second issue presented is whether the AHC lacked jurisdiction to consider Davis & Community Title's Fee Case # 2 because Davis & Community Title failed to timely file an application for fees and expenses within thirty days after "final disposition" as required by section 536.087. Section 536.087 provides:

A party seeking an award of fees and other expenses shall, *within thirty days of a final disposition in an agency proceeding or a final judgment in a civil action,* submit to the court, agency or commission which rendered the final disposition or judgment an application which that the party is a prevailing party and is eligible to receive an award under this section, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed.

§ 536.087.3 RSMo (emphasis added). The thirty day filing requirement is jurisdictional. *See Dole v. Phoenix Roofing, Inc.,* 922 F.2d 1202, 1206 (5th Cir.1991) (stating that thirty day filing period under section 504 of the EAJA after which section 536.087 is modeled is jurisdictional). Failure to request attorney's fees within thirty days of a final disposition in an agency proceeding or a final judgment in a civil action deprives the court or agency of jurisdiction to consider the request. *Id.*

In order to determine if this court has jurisdiction over this appeal, this court must determine what is a "final disposition in an agency proceeding or a final judgment in a civil action" as found in section 536.087. Well-settled principles of statutory interpretation require determination of the legislative intent from the language of the act. *State v. Knapp,* 843 S.W.2d 345, 349 (Mo. banc.1992). Words of the statute are used in their plain and ordinary meaning and given effect whenever possible. *Id.*

■ The plain language used in section 536.087 dictates that the thirty day filing period commences whenever a "final disposition" is reached in *either* an "agency proceeding" *or* a "civil action." An agency decision, as well as a court decision, therefore, can trigger the onset of the thirty day filing period. Long established principles of Missouri law provide that a "final" disposition in an agency proceeding or a civil action occurs whenever the decision disposes of all issues as to all parties and leaves nothing for future determination. *See, e.g., State ex. rel. Angle v. Hull,* 930 S.W.2d 25, 27 (Mo.App.1996); *In re Estate of Johnson,* 912 S.W.2d 560, 561 (Mo.App.1995)

■ The AHC rendered a decision disposing of Fee Case # 1 on May 1, 1995. This disposition was "final" under section 536.087 because it disposed of all issues relating to Fee Case # 1. Because the AHC's decision was final on May 1, 1995, Davis & Community Title were required to request attorney's fees generated from prosecuting Fee Case # 1 within thirty days of May 1, 1995, or by May 31, 1995. Davis & Community Title, however, filed Fee Case # 2 July 21, 1995, well past the thirty day time period imposed by section 536.087. Davis & Community Title's failure to timely file Fee Case # 2 deprived the AHC of jurisdiction to consider the fee petition.

Despite Davis & Community Title's argument otherwise, this interpretation of section 536.087 does not conflict with the latter part of section 536.087.4 which provides:

When the state appeals the underlying merits of an adversary proceeding, no decision on the application for fees and other

expenses in connection with that adversary proceeding shall be made under this section until a final and unreviewable decision is rendered by the court on appeal or until the underlying merits of the case have been finally determined pursuant to the appeal.

§ 536.087.4 RSMo. While section 536.087 forbids a decision on a fee petition from being issued, this limitation does not affect the thirty day jurisdictional filing requirement imposed by section 536.087 but rather only affects *when* an award may issue. Even if the underlying case is appealed, the tribunal before which the fee application was properly brought will retain jurisdiction over that fee application, and the action will be held in abeyance until the adversary proceeding becomes final.

Equally unavailing is Davis & Community Title's argument that *Dole v. Phoenix Roofing, Inc.*, which interpreted section 504 of the EAJA, should control interpretation of section 536.087. Section 504 of the EAJA provides that "a party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, file an application for fees." 922 F.2d at 1206 (citing 5 U.S.C. § 504(a)(2) (West Supp.1990)). The *Dole* court held an "adversary adjudication" cannot become "final," thus triggering the thirty day filing period, while an appeal of an agency decision is pending. *Id.* The court reasoned that because Congress prohibited an agency from making an award of fees and expenses "in connection with [an] adversary adjudication," only a court decision could be a "final disposition" under section 504. *Id.*

Differences in the statutory language of section 536.087 and section 504 of the EAJA make *Dole*'s interpretation of section 504 inapplicable to section 536.087. Under section 504 of the EAJA the thirty day filing period is triggered by a "final disposition in the *adversary adjudication*." *Dole* interpreted "adversary adjudication" as a court proceeding rather than an agency proceeding. *Dole*'s interpretation of "adversary adjudication" is inapplicable to section 536.087 because section 536.087 does not utilize the term "adversary adjudication" but instead states that the thirty day filing period is triggered by "a final disposition in an agency proceeding or a final judgment in a civil action."

Because Fee Case # 2 was not statutorily authorized, as it was not timely filed, the AHC and the circuit court were without jurisdiction in this case. This court is also without jurisdiction. The AHC's and the trial court's orders concerning the second fee application case, Fee Case # 2, are void and the appeal is dismissed.

All concur.