Melinda Bell ROGERS, Appellant,

v.

BOARD OF TRUSTEES OF THE MISSOURI CONSOLIDATED HEALTH CARE PLAN, Respondent.

No. WD 54706.

Missouri Court of Appeals,
Western District.

June 2, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court July 28, 1998.

Application for Transfer Denied
Aug. 25, 1998.

John Rogers, Columbia, for Appellant.

Eugene Bushmann, Jefferson City, for Respondent.

HANNA, Presiding Judge.

Melinda Bell Rogers made a claim against the Board of Trustees of the Missouri Consolidated Health Care Plan (MCHCP) for reimbursement of her attorney fees and expenses pursuant to § 536.087, RSMo 1994.[1] The application was denied, and she filed a petition for review with the circuit court of Boone County. The MCHCP's motion to dismiss was sustained. Ms. Rogers appeals, arguing that her claim satisfied § 536.087 since she was the prevailing party of an agency proceeding against the state. MCHCP is managed by the board of trustees. Section 105.005.

Ms. Rogers was an employee of the Fulton State Hospital and the Mid–Missouri Health Center. She was enrolled as a member of the Humana Indemnity plan. In April 1993, she injured her back and suffered a herniated disc. At the time of the accident, she was morbidly obese. Her physician, Dr. Brockensmith, told her that recovery would be slow because of her weight and that she could die in five years if she did not lose weight. Her physician referred her to Dr. Boyd Terry, who recommended gastroplasty surgery as a means of weight reduction. Both of her doctors concurred that this surgery was medically necessary and that Ms. Rogers would die if it was not performed.

She was on the waiting list for a little over a year before she became eligible for the surgery. During the waiting period, Humana denied authorization for the surgery. She had the surgery performed without preauthorization, and made a claim against Humana after the surgery. Humana denied her claim on the grounds that gastroplasty surgery was excluded from coverage under her plan. Ms. Rogers appealed Humana's denial of coverage to MCHCP's board of trustees.

The Administrative Hearing Commission (AHC) acted as hearing officer to determine the facts for the board of trustees. The AHC found that Ms. Rogers' gastroplasty surgery was covered under her plan with Humana. The board of trustees adopted the AHC findings and ordered Humana to provide coverage. Ms. Rogers then filed an application for attorney fees and expenses with the MCHCP pursuant to § 536.087. The application was denied. Ms. Rogers filed a petition for judicial review in Boone County circuit court of the MCHCP's denial of her claim for attorney fees and expenses. MCHCP's motion to dismiss was sustained.

Section 536.087 provides that a party who prevails in an agency proceeding brought by or against the state be awarded reasonable attorney fees and expenses incurred by that party. Ms. Rogers claims that her application for attorney fees and expenses was legally sufficient to satisfy the elements of § 536.087. Conversely, MCHCP maintains that § 536.087 is inapplicable because Ms. Rogers' claim is against Humana and not against the state.

In reviewing the circuit court's dismissal of the petition, this court reviews the decision of the agency, not that of the circuit court. *Davis v. Angoff,* 957 S.W.2d 340, 342 (Mo.App.1997); *State ex rel. Ozark Border Elec. Co-op. v. Public Serv. Comm'n of Missouri,* 924 S.W.2d 597, 599 (Mo.App.1996). The administrative agency is afforded no deference in its determinations of law, and this court will review the agency's decision *de novo. Davis,* 957 S.W.2d at 342. "The decision will be upheld unless it exceeds agency authority; it is not based upon substantial

---

1. All statutory references are to the Missouri Revised Statutes, 1994, unless otherwise indicated.

and competent evidence on the record as a whole; it is unreasonable, arbitrary or capricious; it involves an abuse of discretion; or it is otherwise unlawful." *Id.*

Rogers argues that Humana is an agent of the MCHCP and the MCHCP is a state agency, thus, pursuant to § 536.087, this was a proceeding brought against the state. In support of her position, Rogers cites to the agreed fact that the MCHCP has entered into various contracts with Humana and other managed care companies to provide medical services to its members.

"Agency is a fiduciary relationship which results from the consent by one person, the principal, to another, the agent, for the agent to act on the principal's behalf and to be subject to the principal's control." *Lange Co. v. Cleaning By House Beautiful,* 793 S.W.2d 869, 871 (Mo.App.1990)(citing *Restatement (Second) of Agency* § 1 (1957)). One of the primary criteria for establishing an agency relationship is whether the MCHCP can exert any control over Humana and the services it provides. *Eads v. Kinstler Agency Inc.,* 929 S.W.2d 289, 291–92 (Mo.App.1996)(citing *Restatement (Second) of Agency* § 220(2)(1958)); *Ferguson v. Pony Express Courier Corp.,* 898 S.W.2d 128, 132 (Mo.App.1995).

■ Rogers has not alleged any indicia of an agency relationship between the MCHCP and Humana. Because MCHCP only administers the plan, Humana is not "subject to its control" as alleged by Rogers. Rogers' assertion of agency apparently rests on the fact that the MCHCP can order Humana to pay her claim. This fact does not rise to the level of any agency relationship. The Board does not exert control over the services, location, or selection of medical staff provided by Humana. Moreover, Humana neither holds itself out as an agent for MCHCP, nor does MCHCP state that Humana is its agent. MCHCP did not dispute Rogers' claim. In fact, it was the arbiter which ruled in her favor in her dispute with Humana. The original parties to the lawsuit were Humana and Rogers. The state (MCHCP) was neither a party to the proceeding nor did it act in a representative capacity for Humana. As a result, Rogers has not alleged facts that support the contention that the state was a party to the proceeding. Therefore, the trial court's decision sustaining the board of trustee's motion to dismiss Rogers' attorney fees was appropriate. Accordingly, the trial court's judgment is affirmed.

LAURA DENVIR STITH and EDWIN H. SMITH, JJ., concur.