

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| INTEGRA HEALTHCARE, INC., d/b/a INTEGRITY HOME CARE, et al., | ) ) ) | |
| Respondents, | ) ) | **WD84919** |
| v. | ) ) ) | |
| MISSOURI STATE BOARD OF MEDIATION, et al., | ) ) ) | **OPINION FILED:** **November 15, 2022** |
| Appellants. | ) ) ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable S. Cotton Walker, Judge**

**Before Division Four:** Gary D. Witt, Chief Judge, Presiding,
Mark D. Pfeiffer, Judge, and Louis Angles, Special Judge

The Missouri State Board of Mediation, the Missouri Department of Labor and Industrial

Relations, the Missouri Division of Employment Security, the Missouri Department of Health and

Senior Services, the Missouri Quality Home Care Council, the Missouri Home Care Union, Bruce

Lynch, James G. Avery, Jane Massman, and Margaret Donnelly (collectively, "the State") appeal

from the judgment of the Circuit Court of Cole County, Missouri ("trial court"), awarding

attorney's fees pursuant to section 610.027[1] to Integra Home Healthcare, Inc., d/b/a Integrity Home

---

[1] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as updated through the 2020 Cumulative Supplement.

Care ("Integra"), and to Alice Davis ("Davis") and Lezlie Connie Banks ("Banks"). We affirm the trial court's judgment as modified.

## Factual and Procedural Background[2]

Through the initiative process, Missouri voters adopted the Quality Home Care Act ("the Act") on November 4, 2008. The Act is codified at sections 208.850 to 208.871. The Act created the Missouri Quality Home Care Council ("Council") with the authority to, among other things, "engage in collective bargaining with a representative of personal care attendants, and recommend changes in personal care attendants' wages and benefits to the general assembly." § 208.853(9). The Act authorized the State Board of Mediation ("Board") to "conduct an election, by mail ballot, to determine whether an organization shall be designated the exclusive bargaining representative." § 208.862.4.

On March 12, 2009, the Missouri Home Care Union ("Union") filed a petition with the Board to request recognition as bargaining representative for personal care attendants. The Board mailed ballots for voting for or against Union representation, together with instructions, to some number of personal care attendants on June 29, 2009. The instructions stated that completed ballots must arrive at the Board by July 21, 2009, and that the ballots would be counted on July 22, 2009. Integra was a vendor in the consumer-directed services program, and many attendants affiliated with Integra were eligible to vote in the union election but did not receive ballots. Likewise, Davis and Banks were personal care attendants in the consumer-directed services program and were eligible to vote in the union election but did not receive ballots.

On July 7, 2009, Integra's counsel sent an open-records request to the Council, addressed to the custodian of records and emailed to the chairman. On July 15, 2009, Integra's counsel sent

---

[2] "In the appeal of a bench-tried case, [we] view[ ] the facts in the light most favorable to the trial court's judgment." *Coleman v. Hartman*, 626 S.W.3d 289, 292 (Mo. App. W.D. 2021).

a follow-up letter to the Council, addressed to the custodian of records and emailed to the chairman, noting that the Council had failed to respond to the July 7, 2009 open-records request by the statutory deadline in section 610.023.3, advising that the Sunshine Law had been violated and that the penalties for Sunshine Law violations contained in section 610.027 included costs and attorney's fees. On July 16, 2009, the chairman responded to the open-records request, stating that "there is none of the information you requested in existence." However, numerous documents responsive to Integra's open-records request did exist at the time of the chairman's response.

On July 21, 2009, Integra and an individual personal care attendant, Ms. Nancy Stretch, filed a motion for a temporary restraining order and a six-count Petition for Declaratory Judgment, Injunctive Relief, and Enforcement of the Missouri Open Records and Meetings Law. On the same day, the trial court issued a Temporary Restraining Order, ordering that the Board, its chairman and executive assistant, the Department of Labor and Industrial Relations, the State Labor and Industrial Relations Commission, and their employees and agents be temporarily restrained and enjoined from certifying any election results before the Board. In the Petition:

- Count I – Integra and Ms. Stretch sought a declaration that the Board's proposed action to count ballots and to certify the union representation election results was unlawful, illegal, and in violation of section 208.862.4; and temporary and permanent injunctive relief barring certification of the election results;

- Count II – Integra and Ms. Stretch sought a declaration that the Board's proposed action to count ballots and certify union election was unlawful and in violation of sections 536.021 and 295.070; temporary and permanent injunctive relief barring certification of the election results; and reasonable attorney's fees;

- Count III – Ms. Stretch sought a declaration that the threatened certification violated her due process rights; temporary and permanent injunctive relief barring certification of the election results; and her costs and attorney's fees;

- Count IV – Integra and Ms. Stretch sought a declaration that the Council violated article II, section 1 and article IV, section 28 of the Missouri Constitution by expending state funds that were not appropriated; preliminary and permanent injunctive relief barring the Council from making further expenditures of state funds; and their costs and attorney's fees;

3

- Count V – Integra and Ms. Stretch sought a declaration that the Council violated the Sunshine Law, sections 610.010 to .029; a finding that all actions taken prior to the date the petition was filed were null and void; and penalties upon a finding that Council's violations of the Sunshine Law were knowing and purposeful;

- Count VI – Integra and Ms. Stretch sought a declaration that Council violated section 536.055, and an order requiring Council to comply with the statute.

Approximately one month after the lawsuit was filed, at the deposition of the chairman of the Council on August 19, 2009, the documents responsive to Integra's Sunshine Law request were produced.

On August 21, 2009, Integra, Ms. Stretch, Ms. Daryll Stone, Banks, and Davis (collectively, "plaintiffs") filed an eight-count First Amended Petition. The allegations and relief sought in Counts I through VI of the First Amended Petition remained substantially the same as in the original petition. Counts VII and VIII were added:

- Count VII – plaintiffs sought a declaration that the Council violated section 208.859 and that the Council's actions in conducting the union election and the election itself were unlawful;

- Count VIII – plaintiffs sought a declaration that the Department of Health and Senior Services and its director violated section 208.856.1; an order compelling them to comply with said statute; and permanent injunctive relief barring them from participating or interfering with any activities of the Council unless specifically permitted by law.

On October 26, 2009, Ms. Stretch and Ms. Stone withdrew as plaintiffs, and Integra, Banks, and Davis moved for summary judgment. On the same day, the State filed a cross-motion for summary judgment, in which the State conceded that a new election was necessary in light of the discovery that approximately 3,450 personal care attendants did not receive notice of the election or a ballot. On December 17, 2009, the trial court entered an Order: (1) finding that a new election was necessary and that the results of the union election that was the subject of the litigation not be certified; (2) granting the State's motion for summary judgment as to Counts I, II, III, IV, VII, and

4

VIII in the First Amended Petition; (3) granting Integra, Banks, and Davis's motion for summary judgment as to Counts V and VI in the First Amended Petition; and (4) dismissing the affirmative defenses raised by the State. Regarding the Sunshine Law violation, the trial court's Order stated:

> Missouri Quality Home Care Council and its members violated the Missouri open records and meetings law, Section 610.010, *et seq.*, RSMo, and it is FURTHER ORDERED that the Court will conduct a hearing to make further findings regarding Count V and Section 610.027, RSMo, at a time to be set by the Court.

On March 24, 2010, Integra filed a motion for attorney's fees and expenses, requesting that the trial court find that the Council and its members knowingly and purposefully violated the Sunshine Law and order the Council and its members to pay Integra's attorney's fees and expenses. Likewise, on April 29, 2010, Davis and Banks—represented by the same attorneys who originally represented Ms. Stretch—filed a motion for attorney's fees and expenses, requesting that the trial court find that the Council and its members knowingly and purposefully violated the Sunshine Law and order the Council and its members to pay Davis and Banks's attorney's fees and expenses.

On October 27, 2010, the trial court conducted a hearing to make further findings regarding Count V of the First Amended Petition and section 610.027. The trial court found four specific violations of the Sunshine Law: (1) failure of the Council to appoint a custodian of records; (2) failure of the Council to respond to an open-records request; (3) failure of the Council to produce records subject to an open-records request; and (4) failure of the Council to post a tentative agenda when it posted notice of a meeting. In March 2011, the trial court conducted an additional hearing, subsequently ruling (in 2012) that the Sunshine Law violations were knowing and purposeful. Integra filed an additional motion for attorney's fees and expenses on February 3, 2014. After numerous continuances and several changes of judge spanning years, another hearing on the applications for attorney's fees was held on May 14, 2021. At that hearing, Integra's counsel, Mr. Harvey Tettlebaum, testified that "this was a complex case of first impression

5

involving the intricacies of labor law . . . [a]nd it called for the expertise of attorneys who had labor law expertise and understood how collective bargaining was supposed to occur."

On September 20, 2021, the trial court entered its Order partially granting Integra's motion for attorney's fees and expenses, ordering "Defendants" to pay Integra $108,782.50 for attorney's fees and costs from July 7, 2009, through August 19, 2009, and $76,888.94 for fees and costs in the effort to obtain fees. Also on September 20, 2021, the trial court entered its Order granting Banks and Davis's motion for attorney's fees and costs, ordering "Defendants" to pay them $23,978.30 for attorney's fees and costs for the underlying case and $8,928.50 for fees and costs in the fee litigation through March 31, 2014. Integra filed a motion for supplemental attorney's fees of $14,703.50 on October 22, 2021.

On December 9, 2021, the trial court entered its Final Judgment, disposing of both the substantive claims as set out in the court's December 17, 2009 Order and the attorney's fees claims as set out in the September 20, 2021 Orders, as well as granting Integra's motion for supplemental fees. The trial court entered final judgment for Integra for fees and expenses of $200,374.94 ($108,782.50 + $76,888.94 + $14,703.50) and final judgment for Banks and Davis for fees and expenses of $32,906.80 ($23,978.30 + $8,928.50), without identifying which of the defendants would be liable to pay the awarded fees.

The State appealed.[3] Additional facts will be discussed where relevant to the points on appeal.

_____

[3] The State filed its notice of appeal on November 1, 2021, stating that it was appealing from the order entered on September 20, 2021, concerning attorney's fees. The order attached to the notice of appeal was the Order partially granting Integra's motion for attorney's fees and expenses. That order is neither a judgment nor a final judgment from which an appeal may be taken. Since the State filed this appeal, the trial court entered its Final Judgment on December 9, 2021, disposing of both the substantive claims as set out in the court's December 17, 2009 Order and the attorney's fees claims as set out in both September 20, 2021 Orders, as well as granting Integra's motion for supplemental fees.

The "appeal" filed on November 1, 2021, was premature; the appeal is properly taken from the December 9, 2021 Final Judgment rather than the September 20, 2021 Order. Pursuant to Rule 81.05(b): "In any case in which a

6

**Standard of Review**

"An appellate court reviews the trial court's award of attorney's fees for an abuse of discretion." *Cupit v. Dry Basement, Inc.*, 592 S.W.3d 417, 425 (Mo. App. W.D. 2020) (citing *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 430 (Mo. banc 2013)). "'To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice.'" *Id.* (quoting *Berry*, 397 S.W.3d at 431). "The trial court is deemed an expert at fashioning an attorney's fees award because it tries the case and is acquainted with all of the issues." *Id.* (citing *Berry*, 397 S.W.3d at 430-31). "In the absence of a contrary showing, the trial court is presumed to know the character of services rendered in duration, zeal, and ability and the value of them according to custom, place, and circumstance." *Id.* (citing *Essex Contracting, Inc. v. Jefferson Co.*, 277 S.W.3d 647, 656 (Mo. banc 2009)). "An award of attorney's fees is presumed to be correct, and the complaining party has the burden to prove otherwise." *Id.* "The trial court may determine attorney fees without the aid of evidence." *Gray v. Mo. Dep't of Corr.*, 635 S.W.3d 99, 105 (Mo. App. W.D. 2021). "We will not disturb a trial court's decision to award attorneys' fees

notice of appeal has been filed prematurely, such notice shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal." Missouri courts apply a liberal construction to Rule 81.05(b). *Southside Ventures, LLC v. La Crosse Lumber Co.*, 574 S.W.3d 771, 782 (Mo. App. W.D. 2019). "Upon entry of the trial court's [December 9, 2021] judgment, all prior interlocutory orders and judgments became final and appealable." *Wyrick v. Henry*, 592 S.W.3d 47, 53 n.3 (Mo. App. W.D. 2019) (citing *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 401 (Mo. banc 2016) ("[A] final judgment necessarily incorporates all prior orders or judgments that adjudicated some—but fewer than all—of the claims and the rights and liabilities of all the parties.")).

The State's brief clearly argues that the trial court erred in entering the Final Judgment in which it awarded attorney's fees to Integra and to Banks and Davis, and Integra and Banks and Davis, in turn, fully responded to the State's claims of error. "[B]ecause the spirit of the rules is 'to sustain an appeal which is actually an attempt in good faith to appeal from a final judgment even though some other unappealable order is inadvertently designated therein,' and because [the State] has not suffered any irreparable harm from [the State's] error," we will address the merits of the State's appeal. *Southside Ventures, LLC*, 574 S.W.3d at 782 (quoting *Woods v. Cantrell*, 201 S.W.2d 311, 315 (Mo. 1947)).

7

absent an abuse of discretion." *Glasgow Sch. Dist. v. Howard Cty. Coroner*, 633 S.W.3d 822, 837 (Mo. App. W.D. 2021) (internal quotation marks omitted).

## Analysis

The State asserts five points on appeal. In the first point, the State alleges that the trial court erred in awarding Integra's attorney's fees that expressly did not relate to Integra's Sunshine Law claim against the Council. In the second point, the State claims that the trial court erred in awarding attorney's fees to Integra's counsel and to Banks and Davis's counsel attributable to both Sunshine Law and non-Sunshine Law claims. In the third point, the State asserts that the trial court erred in awarding attorney's fees for litigating the issue of the recovery of attorney's fees in question. In the fourth point, the State claims that the trial court erred in awarding attorney's fees to Integra for attorney time entries in which no evidence was received concerning whether they established a Sunshine Law violation. In the fifth point, the State asserts that the trial court erred in assessing attorney's fees against defendants other than the Council.

## Points I, II, and IV

Because the State's first, second, and fourth points all assert that the trial court erred in awarding attorney's fees for non-Sunshine Law claims, we discuss the points together.

"In general, Missouri follows the American Rule, which requires that litigants bear their own attorney's fees unless otherwise authorized by statute." *Malin v. Cole Cnty. Prosecuting Att'y*, 631 S.W.3d 638, 647 (Mo. App. W.D. 2021) (internal quotation marks omitted). Section 610.027.3 authorizes a plaintiff to recover civil penalties and fees in conjunction with litigation establishing a knowing violation of the Sunshine Law. In relevant part, section 610.027.3 provides: "If the court finds that there is a knowing violation of sections 610.010 to 610.026, the court may order the payment by such body or member of all costs and reasonable attorney fees to

8

any party successfully establishing a violation." Although the trial court has discretion to award

reasonable attorney's fees, Rule 4-1.5(a) of the Rules of Professional Conduct lists the factors to

be considered in determining the reasonableness of a fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

We note that the State does not challenge the trial court's conclusion that the Sunshine Law

was knowingly and purposefully violated and that attorney's fees may be awarded.[4] Rather, the

State questions the hours for which defendants' attorneys should be compensated, challenges the

amount of attorney's fees awarded, and argues that the trial court incorrectly interpreted

section 610.027.3 by awarding attorney's fees that were incurred in connection with matters that

---

[4] The significance of this concession is that Missouri courts have noted that *the conduct* justifying the award of penalties (*e.g.*, "knowing" or "purposeful" violation of the Sunshine Law) must be viewed in a factual lens that strictly construes those terms in the context of the evidence presented. *Glasgow Sch. Dist. v. Howard Cty. Coroner*, 633 S.W.3d 822, 829 (Mo. App. W.D. 2021). Conversely, the trial court's decision to award attorney's fees and the related issue of how much attorney's fees are to be awarded for the knowing or purposeful violation of the Sunshine Law is, and has always been, reviewed by appellate courts for an abuse of discretion. *Id.* at 837. Here, because the State does *not* challenge the trial court's conclusion that the Sunshine Law violations in question were "knowing," we need not and do not engage in a "strict construction" analysis of whether the evidence supported a finding that the State "knowingly" violated the Sunshine Law. Instead, since that finding of a "knowing violation" of the Sunshine Law is not contested on appeal, our only appellate review of the trial court's award of attorney's fees is for abuse of discretion.

expressly did not relate to "successfully establishing a violation" of the Sunshine Law by the Council.

Conversely, Integra and Banks and Davis argue that the trial court correctly found that the Sunshine Law violations were inextricably intertwined with the other counts of the First Amended Petition. They contend that the attorney's fees awarded were incurred to support *all* of the lawsuit claims and were so intertwined that they could not be separated out.

The trial court conducted a hearing on Integra's and Banks and Davis's motions for attorney's fees on May 14, 2021. At that hearing, Integra's counsel, Mr. Harvey Tettlebaum, testified that the Act "was different from anything that had ever been in the law in Missouri. It was quite unique. We needed expertise to be able to deal with what were extraordinary issues in the context of collective bargaining." Since "this was all brand new" and "there were no rules," Integra's counsel served the Council with an open-records request that asked "for information that we hoped would give us enough information to be able to properly inform and protect the interests of these [personal care] workers," and to detect any "irregularities in the process." Mr. Tettlebaum also testified regarding Exhibit 1, his law firm's total billings to Integra covering the period July 7, 2009, through August 19, 2009—the period from the service of the open-records request on the chairman of the Council to the chairman's deposition when the records were produced. Exhibit 1 was admitted without objection. Mr. Tettlebaum, further testified that "this was a complex case of first impression involving the intricacies of labor law . . . [a]nd it called for the expertise of attorneys who had labor law expertise and understood how collective bargaining was supposed to occur." He stated that, in retrospect, the billing entries in Exhibit 1 fell into three "buckets": (1) entries solely related to the Council on the Sunshine Law issue; (2) entries mixed between the Council and the Board; and (3) entries specifically related to the Board. But, Mr. Tettlebaum

10

testified that when the timekeepers were keeping their daily records, it would have been impossible for them to segregate their time on a count-by-count basis because, in the early stages of initiating a lawsuit, "we didn't have counts for which they could segregate their time."

The trial court concluded, based on Mr. Tettlebaum's testimony and Exhibit 1, that Integra's request for attorney's fees between July 7, 2009, and August 19, 2009, was reasonable, as were the hourly rates charged. The trial court based its ruling on several factors: (1) the Council's failure to follow the Sunshine Law on several occasions was the impetus for the filing of the lawsuit; (2) if the Council had posted a tentative agenda of its May 22, 2009 meeting, the errors that resulted in the court ordering that the election could not be certified could have been avoided; and (3) it was the Council's and the Council's chairman's refusal to comply with the Sunshine Law that forced plaintiffs to file the lawsuit to enforce compliance with the law and its requirements.

This Court's reasoning in *Walsh v. City of Kansas City*, 481 S.W.3d 97 (Mo. App. W.D. 2016), is instructive. In *Walsh*, the City opposed Walsh's motion for attorney's fees at trial, arguing that the court should reduce the fee award to reflect Walsh's success on only two of his ten claims. *Id*. at 113. Walsh countered that the claims on which he prevailed were "inextricably intertwined with his losing claims and they all emanated from a 'common core of facts.'" *Id*. at 114. This Court found that "the trial court was simply in the better position to apply the arguments and the law to the case at hand and we presume it did just that." *Id*. We determined that "[t]he trial court heard these arguments before ever making its ruling on attorney fees and we find no abuse of discretion in the court's ultimate conclusion." *Id*. "[W]here a plaintiff's various claims and the legal work required to substantiate those claims are interrelated and overlapping, it is inappropriate to reduce or discount the plaintiff's recoverable attorney's fees based on the fact that

the plaintiff achieved only limited success on its interrelated claims." *Id*. at 115. Here, as in *Walsh*, the trial court found that the core facts and legal theories of Integra's claims were intertwined and this finding by the trial court does not "shock [our] sense of justice," especially in light of the trial court's consideration of the "character of services rendered in duration, zeal, and ability and the value of them according to custom, place, and circumstance." *Cupit*, 592 S.W.3d at 425.

The trial court ultimately awarded Integra attorney's fees in the amount of $108,782.50 for fees and costs for the time period July 7, 2009, through August 19, 2009. "[Integra's] evidence, argument, and the trial court's own observations allowed it the opportunity [to] assess the rates, hours reasonably expended, and the nature and difficulty of the services rendered in the entire case." *Cupit*, 592 S.W.3d at 427. The trial court's September 20, 2021 Order reflects that it considered the Rule 4.1.5(a)(1)-(8) factors, and the trial court stated the reasons that the fees reflected in Integra's motion for attorney's fees were reasonable under that standard.

The trial court's attorney's fee award was not against the logic of the circumstances or so arbitrary and unreasonable as to shock one's sense of justice. As the trial court's September 20, 2021 Order granting Integra's motion for attorney's fees noted, "this case is not a run-of-the-mill open records case."[5] *See Wyrick v. Henry*, 592 S.W.3d 47, 65 (Mo. App. W.D. 2019) (finding the trial court did not abuse its discretion in awarding attorney's fees because the matter before it "was anything but a standard, run-of-the-mill, records request"). "Trial courts are 'considered an expert on attorney's fees, and the court has discretion to determine the fee award.'" *Id*. (quoting *Chasnoff*

---

[5] As recounted previously, the evidence in this case reflected that the case had a unique and very difficult question of law interpreting collective bargaining issues that was made much more difficult by the Council's purposeful and knowing Sunshine Law violation. The attorneys representing the respondents in this proceeding are well known to this Court to have a special expertise with labor law and Sunshine Law issues and that expertise was appropriately documented in substantial evidence presented to the trial court below.

*v. Mokwa*, 466 S.W.3d 571, 584 (Mo. App. E.D. 2015)). Based on our review of the record, the trial court's award of attorney's fees was not an abuse of discretion.

Points I, II, and IV are denied.

**Point III**

In the State's third point on appeal, it asserts that the trial court erred in awarding attorney's fees for litigating the issue of an award of attorney's fees relating to the purposeful and knowing Sunshine Law violation in question. The State contends that because there is no mention in section 610.027.3 that a party may recover attorney's fees for litigating the issue of the award of attorney's fees thereunder, the trial court was not at liberty to award them.

At the fee hearing, Exhibit 2, Integra's counsel's fees expended in connection with obtaining attorney's fees, was admitted without objection. Also, at the May 14, 2021 hearing, Banks and Davis presented Exhibit 6, a business records affidavit of the law firm representing them, along with invoices and fees referenced in the affidavit for services rendered: (1) between July 20, 2009, and February 28, 2010, on the "underlying cause,"; and (2) between April 1, 2010, and May 10, 2021, on the "fee litigation." The trial court determined that awarding attorney's fees in the pursuit of fees related to a purposeful and knowing Sunshine Law violation was important to government accountability in the context of the Sunshine Law. The trial court awarded Integra $76,888.94 for fees and costs in the effort to obtain an award of attorney's fees and awarded Banks and Davis $8,928.50 for fees and costs in the "fee litigation" through March 31, 2014.

Attorney's fees may be recovered by a party when allowed by statute. *Malin*, 631 S.W.3d at 647. Section 610.027.3 authorizes a plaintiff to recover civil penalties and fees in conjunction with litigation establishing a knowing violation of the Sunshine Law. The Board does not dispute the trial court's finding that Integra, Banks, and Davis established that the Council knowingly and

13

purposefully violated the Sunshine Law and accordingly violated the clear public policy mandate of the Sunshine Law. In relevant part, section 610.027.3 provides: "If the court finds that there is a knowing violation of sections 610.010 to 610.026, the court may order the payment by such body or member of *all costs and reasonable attorney fees to any party successfully establishing a violation*." (Emphasis added.) "[W]hen construing statutes, this Court may not 'add or subtract words from a statute or ignore the plain meaning of the words that are there.'" *Roland v. St. Louis City Bd. of Election Comm'rs*, 590 S.W.3d 315, 323 (Mo. banc 2019) (quoting *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 68 n.5 (Mo. banc 2018)). The words of the statute are clear: "*all* costs and reasonable attorney fees" are recoverable by a party successfully establishing a violation of the Sunshine Law. The language of the statute imposes no limitation on the recovery of attorney's fees, including attorney's fees necessary to obtain an award of such reasonable attorney's fees.

Furthermore, we take guidance from our interpretation of section 536.087, which allows recovery of reasonable fees and expenses for a "prevailing" party in an agency proceeding or civil action arising therefrom. *See Davis v. Angoff*, 957 S.W.2d 340, 342-43 (Mo. App. W.D. 1997). In *Davis*, the Missouri Department of Insurance contended on appeal that attorney's fees incurred in obtaining an award of attorney's fees and expenses for the underlying agency proceeding were not recoverable under section 536.087. *Id*. at 342. The *Davis* court followed *Hernandez v. State Board of Registration for the Healing Arts*, 936 S.W.2d 894 (Mo. App. W.D. 1997), and determined that attorney's fees incurred in seeking an award of attorney's fees for an underlying civil action or agency proceeding were recoverable under section 536.087. *Id.*

In *Hernandez*, the plaintiff sought to recover attorney's fees incurred in filing his section 536.087 fee case. 936 S.W.2d at 901. The Administrative Hearing Commission found

14

that section 536.087 did not allow for the recovery of attorney's fees incurred in seeking attorney's fees for an underlying civil action or agency proceeding. *Id.* On appeal, this Court examined the purpose of the Equal Access to Justice Act ("EAJA"), the federal statute after which section 536.087 was patterned, and the cases interpreting the EAJA, and concluded that section 536.087 allows for an award of attorney's fees incurred in seeking attorney's fees for an underlying agency proceeding or civil action, and "[r]efusing to award attorney's fees for the time spent in obtaining attorney's fees for the underlying agency proceeding or civil action would thwart the purpose of the EAJA and section 536.087." *Id*. at 901-02. We noted that "[t]he purpose of the EAJA as well as section 536.087 is 'to require agencies to carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies.'" *Id*. (quoting *White v. Mo. Veterinary Med. Bd.*, 906 S.W.2d 753, 755 (Mo. App. W.D. 1995)). "The statutes were designed 'to encourage relatively impecunious private parties to challenge abusive or unreasonable government behavior by relieving such parties of the fear of incurring large litigation expenses.'" *Id.* at 902 (quoting *White*, 906 S.W.2d at 755). "They were enacted to eliminate for the average person the financial disincentive to challenge unreasonable government actions." *Id*. (citing *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 2321, 110 L.Ed.2d 134 (1990)). We found that section 536.087 "provides compensation to a prevailing party in an action against the state for all aspects of a litigation with the state, including fees and expenses incurred in seeking fees, if the state's position in the action was not substantially justified." *Id*.

Analogous to the purpose of the EAJA to increase government accountability and permit private parties to challenge unreasonable government actions, "Missouri's Sunshine Law is meant to foster openness and transparency in government." *City of Byrnes Mill v. Limesand*, 599 S.W.3d

15

466, 471 (Mo. App. E.D. 2020) (citing *Chasnoff*, 466 S.W.3d at 577). Per section 610.011.1: "It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.200 shall be liberally construed and their exceptions strictly construed to promote this public policy." Section 610.027.3 allows a court to order a public governmental body or member to pay to any party successfully establishing a violation of the Sunshine Law "*all* costs and reasonable attorney fees," which necessarily includes reasonable attorney's fees incurred to obtain an award of such fees. "[R]efusing to award attorney's fees for the time spent in obtaining attorney's fees . . . would thwart the purpose of the [Sunshine Law]." *Hernandez*, 936 S.W.2d at 902.

Point III is denied.

**Point V**

In the State's fifth point on appeal, it asserts that the trial court erred in assessing attorney's fees against defendants other than the Council because the trial court concluded that only the Council engaged in a knowing violation of the Sunshine Law. The State argues that under section 610.027.3, attorney's fees may not be assessed against parties that did not violate the Sunshine Law. Integra responds that this court should affirm as to the Council and its members, as they were the body and persons who violated the Sunshine Law. Likewise, Banks and Davis agree that the Council, its chairman, and its members were the only body and persons who were found to have violated the Sunshine Law.

Under section 610.027.3, the trial court is authorized to award reasonable attorney's fees to any party successfully establishing that a public governmental body or a member thereof knowingly violated the Sunshine Law. The trial court's Final Judgment disposing of attorney's fees claims was based, in part, on the September 20, 2021 Order partially granting Integra's motion

16

for attorney's fees and expenses and on the September 20, 2021 Order granting Banks and Davis's motion for attorney's fees and costs. In September 20, 2021 Orders, the trial court found that:

> Council committed four specific violations of the Open Meetings and Records Law: The failure to appoint a custodian of records, the failure to post a notice and agenda of the May 22, 2009, meeting of the Council, failure to issue a three-day response letter, and failure to produce documents in the possession of the Council that the Council later conceded should have been produced.

The trial court further found that the violations were knowing and purposeful, thus giving the trial court the authority pursuant to section 610.027.3 to award attorney's fees and costs to Integra and to Banks and Davis. The trial court ordered all "Defendants" to pay the awarded attorney's fees. However, among the defendants, the trial court found that *only* the Council had engaged in knowing and purposeful violations of the Sunshine Law.

To the extent the trial court ordered defendants other than the Council to pay the attorney's fees awarded to Integra and to Banks and Davis in the Final Judgment, the trial court erred. *See Laut v. City of Arnold*, 491 S.W.3d 191, 201-02 (Mo. banc 2016) (affirming denial of attorney's fees where trial court determined that the evidence did not support a finding of a knowing or purposeful violation of the Sunshine Law); *Bray v. Lombardi*, 516 S.W.3d 839, 846 (Mo. App. W.D. 2017) (reversing award of attorney's fees against party that did not knowingly and purposefully violate the Sunshine Law). "Consequently, we will exercise our discretion pursuant to Rule 84.14 and modify the judgment of the trial court to 'give such judgment as the court ought to give.'" *Agriservices of Brunswick, LLC v. Jacoby*, 548 S.W.3d 430, 440 (Mo. App. W.D. 2018). Therefore, we modify the trial court's Final Judgment to reflect that the attorney's fees and expenses awarded to Integra and to Banks and Davis are to be paid by the Council exclusively.

Point V is granted.

**Conclusion**

The judgment of the trial court is modified to reflect that the attorney's fees and expenses awarded to Integra and to Banks and Davis are to be paid by the Council exclusively. In all other respects, the judgment of the trial court is affirmed.

/s/ *Mark D. Pfeiffer*
Mark D. Pfeiffer, Judge

Gary D. Witt, Chief Judge, and Louis Angles, Special Judge, concur.